## GRAY v. ELLIOTT*
### (No. 1329; June 28, 1927; 257 Pac. 345.)

TRUSTS — TRUST FUNDS — LIABILITY FOR CONVERSION — BANKS AND BANKING—INSOLVENCY—PREFERRED CLAIM—DEPOSIT BY ADMINISTRATOR—SPECIAL DEPOSIT—EVIDENCE—JUDICIAL NOTICE.

1. Generally, if a trust fund can be traced, it may be recovered.

2. Where trust fund is deposited with one having knowledge of trust character, and is converted by or with knowledge of such person, equity will ordinarily hold depositee liable, and protect the beneficiary of trust, without reference to whether property was deposited generally or specially.

3. As respects priority, bare fact that money deposited in bank is trust money does not make the bank trustee, but creates relation of debtor and creditor in similar manner as when money is deposited by an individual.

4. Where depositor had no right to make, and bank no right to receive, deposit because in violation of law, relation of debtor and creditor is not created, but bank in such case holds money as constructive trustee, with the result that, in case of insolvency, beneficiary has preferred claim as against general creditors, if fund can be traced.

5. As respects priority, where administrator deposits money in bank in his name as administrator or in his individual name, and with knowledge on part of bank that money is held by him as administrator, the money would be trust money as between administrator and beneficiary, but would not be a trust fund, or special deposit, as between bank and beneficiary of trust, in absence of special circumstances making it so.

6. Supreme Court takes judicial notice that an administrator is entitled to commission on property of a decedent coming into his hands, and is entitled to be reimbursed for his expenses.

*See Headnotes:   (1-3) 7 CJ p. 633 n. 15; p. 751 n. 78, 79; p. 752 n. 84; 39 Cyc. p. 421 n. 91; p. 530 n. 82; p. 558 n. 22; p. 559 n. 27.   (4-5) 7 CJ p. 751 n. 78; p. 752 n. 85 New. (6) 23 CJ p. 59 n. 22.

APPEAL from the District Court, Platte County; HON. WILLIAM A. RINER, Judge.

ON PETITION FOR REHEARING

*Mentzer & Pickett,* for plaintiff and appellant.

*J. E. Jacobson, W. B. Jones,* and *O. O. Natwick,* for defendant and respondent.

BLUME, Chief Justice.

Under the findings of the court the question involved in this case, succinctly stated, is whether or not a deposit made in a bank by an administrator in his individual name, and assuming, without deciding, that the bank knew that the money belonged to him as administrator, constitutes a special deposit, so as to make a claim therefor a preferred claim against the assets of the bank which subsequently becomes insolvent. We held in the original opinion that it did not. 255 Pac. 1. A petition for rehearing has been filed herein, and notwithstanding what was said in the original opinion, counsel again take the same position which they took originally, make largely the same argument which they did previously, and have cited to us numerous cases of the same general character cited before—many of them the same cases contained in the brief on the original hearing—so that it would seem that counsel have not understood the decision of this court, and that it requires some further statements on our part. Counsel have cited cases to the effect that a trustee must deposit trust funds in the name of the beneficiary of the trust, and that if he does not do so, he will be personally liable if the bank fails and a loss occurs. We have, of course, no fault to find with this rule, and we fail to see its application here. This rule was not relied on in the case at bar; it was, in fact, specifically sought to be avoided by attempting to obtain a preferred claim herein and thereby shift the burden on the general depositors of the bank, instead of holding the administrator liable under the rule mentioned. Again numerous cases are

cited to the effect that where a bank assists a trustee in converting property belonging to a trust fund, it can be held accountable therefor. We may select a case at random from among the many cases relied on, and take for example the case of United States Fidelity and Guaranty Co. et al. v. United State National Bank, 80 (Or.) 361, 157 Pac. 155, L. R. A. 1916 E. 610. In that case the bank permitted a fund deposited in the name of a guardian to be depleted by checks drawn by the guardian individually. The court held the bank liable, because guilty of aiding the guardian in misappropriating the fund. That case, and the numerous other cases cited to a like effect, could not aid us in solving the question here. These cases did not involve the point—the only one involved in the case at bar—as to whether a deposit was a general or special deposit. The confusion evidently arises out of terminology. We agree with the general rule that if a trust fund can be traced, it may be recovered. But it must first be established that there is a trust fund to be traced. Where such fund, consisting of money or other property, is deposited with a third party who has knowledge of the trust character thereof, and the property is converted by or with the knowledge of the depositee, equity will ordinarily disregard form, hold the depositee liable and protect the beneficiary of a trust, without reference to the fact whether the property was deposited generally or specifically. 3 R. C. L. 553; Central Nat. Bank v. Insurance Co., 104 U S. 54, 26 L. Ed. 693. But where a deposit of money is made in a bank, and the bank becomes insolvent, another element enters into the case, which counsel have completely ignored; the bank then virtually disappears as a responsible party; the rights and equities of general depositors must then be considered, and the maxim that equality is equity should then, according to the great weight of authority, play a predominant part, and should not, in that event, make a favorite of the beneficiary of a trust, unless the deposit was a special deposit within the meaning of the rules recognized by law in such cases. As

we pointed out in the original opinion, the mere fact that
the money in question in this case was a trust fund in the
hands of Paul L. Gray in his relation to Rachel E. Gray
does not, according to the great weight of authority, in
any manner establish that when that money was deposited
in the bank a trust relation was created between the bank
and the depositor. The bare fact that money deposited
in a bank is trust money does not make the bank trustee,
but creates the relation of debtor and creditor in similar
manner as when money is deposited by an individual.
Tiffany on Banks and Banking, 44; 3 R. C. L. 555, in
addition to the authorities cited in the original opinion.
Special circumstances must exist in order to make the
deposit special instead of general, and inasmuch as equal-
ity is equity, courts have been careful to limit the number
of special circumstances which will create a special in-
stead of a general deposit. At the risk of repetition, we
might again point out that three exceptions only to the
rule that a deposit will be treated as a general deposit
were recognized in City of Sturgis v. Meade County Bank,
38 S. D. 317, 161 N. W. 327, namely, (1) where money or
other thing is deposited with the understanding that that
particular money or thing is to be returned to the de-
positor; (2) Where the money or thing deposited is to be
used for a specifically designated purpose, and (3) where
the deposit itself was wrongful or unlawful. There can
be no pretense that the first exception has any application
in the case at bar. The court found against the claimant
in this case and that implies that the court found against
the contention made below that the money collected by
the bank was to be used for a specific purpose, and hence
the second exception above mentioned has no application
in this case. Nor do we think that the third exception
applies. The deposit was not received fraudulently. That
is implied in the general finding of the court. There are
a number of cases to the effect, and it seems to be the

general rule, that if the depositor had no right to make, and the bank had no right to receive, the deposit, because in violation of law, the relation of debtor and creditor is not created, but the bank in such case holds the money as constructive trustee, with the result that if the bank becomes insolvent, the beneficiary has a preferred claim as against general creditors, if the fund can be traced. Tiffany, Banks and Banking, 44. Thus it was held in Brogan v. Kreipe, 116 Kan. 506, 227 Pac. 261, 37 A. L. R. 126, cited by counsel for appellant that where a county treasurer was prohibited by statute from making the deposit there in question, the deposit made in violation of law should be given a preference right. The case of Yellowstone County v. First Trust & Savings Bank, 46 Mont. 439, 128 Pac. 596, and a number of other cases cited by counsel for appellant are to the same effect. But these cases are not in point, for the reason that there does not appear to be any law in this state making it unlawful for an administrator to deposit money in a bank, though he might, of course, be personally liable, if in making such deposit he does not exercise ordinary care. It is intimated in Paul v. Draper, 158 Mo. 197, 59 S. W. 77, 81 A. S. R. 296, that where a fund held by a trustee is deposited in a bank male fide—in bad faith—and the bank converts or assists in converting the fund to unlawful uses, the fund might be considered a special deposit and entitled to be paid, in case of the insolvency of the bank, in preference of general creditors. The case presents facts somewhat similar to those in the case at bar, and it was held that the deposit in controversy in that case was a general and not a special deposit. Without deciding the point, it may be that if the deposit were made in bad faith, with the intention existing at that time of unlawfully converting the money to the use of the bank, and the bank with knowledge of the facts assists in so converting it, the deposit might be called unlawful, fraudulent, from the very

beginning, or the facts in such case might, perhaps, be considered as creating a fourth exception to the general rule. But in the absence of bad faith or fraudulent intent, it would seem to be difficult to distinguish a situation where an administrator deposits money in a bank in his name as administrator from a situation where he deposits the money in his individual name with the knowledge on the part of the bank that the money is held by him as administrator. In either case, the money would be trust money as between the administrator and the beneficiary of the trust, but would not be a trust fund, that is to say, a special deposit, as between the bank and the beneficiary of the trust in the absence of special circumstances making it so. A deposit made in a bank by A as administrator is, as we held in the original opinion, a general deposit in the absence of special circumstances. Why the deposit, if simply made in the name of A without the addition of the word "administrator" should by that fact alone be transformed into a special deposit is difficult to see. The addition of the word "administrator" surely could not in the one case act as a magic formula to make the deposit general, and the absence of the same word could not, on the other hand, act as a magic formula to make the deposit special. And it was accordingly held in Paul v. Draper, supra, that the mere fact that the trust money was deposited in the individual name of the trustee did not make the deposit a special one, and no case to the contrary has been cited.

It is true, as counsel argue, that, as part of the defense herein, it was alleged that Paul L. Gray represented that he individually owned the note and mortgage from which the money in question herein was derived; and counsel, accordingly, further argue that Gray was charged with conversion of the funds, the bank participating therein by taking $150.00 of the money and applying it on the individual debt of Gray. The court made a general finding,

and it does not appear whether it took the view that Gray
was guilty as stated.  But even if it did, the result could
be no different.  If the defense above mentioned was true;
if Gray was actually guilty of conversion, then he came
before the court as one attempting to take advantage of
his own wrong.  The action was brought by him as admin-
istrator of the estate of Irad Wilson Gray.  The bene-
ficiary of the trust money in his hands did not make any
claim.  Paul L. Gray, while administrator of the estate,
was responsible for the money in his hands and would be
personally liable for any act of conversion of which he
was guilty, and it would not lie in his mouth to say, if
guilty of conversion, that because the bank assisted him
in his unlawful acts, he should be relieved from his per-
sonal responsibility by having the claim against the bank
established as a preferred claim.  To hold otherwise would
certainly not be equity toward the general depositors.  But
we do not take the view that he was guilty of any unlaw-
ful conversion, or that in making the deposit he acted
in bad faith.  His statements in the petition herein nega-
tive that fact.  It further appears that he kept other
money belonging to the estate in his individual account
with knowledge of Rachel E. Gray, the beneficiary of the
trust money, and she, in fact, claimed the very money
now in controversy, and apparently without objection,
upon the individual check of Paul L. Gray.  Not even
the fact of the payment of the small amount to the bank
—the sum of $150—on the individual indebtedness of Gray
can, standing by itself, be accepted as proof of a dishonest
conversion of the money in view of the fact, of which we
take judicial notice, that an administrator is entitled to a
commission on the property of a decedent coming into his
hands, and is entitled to be reimbursed for his expenses,
and it may well be that the small amount of money taken
by the bank was not more than to cover the amount to
which Paul L. Gray was lawfully entitled.  Hence we

may well hold, as was held in Paul v. Draper, supra, that the facts in this case do not show and did not effect any misappropriation of money, and that the account, therefore, may well be treated as though the deposit had in fact been made in the name of Paul L. Gray, as administrator of the estate of Irad Wilson Gray. It is true that the lower court allowed the whole claim without deducting the $150, indicating thereby that this amount should not have been taken by the bank. But that is not at all the equivalent of a finding that the deposit was made fraudulently or in bad faith within the meaning of Paul v. Draper, supra, and could be allowed as a general, rather than a preferred claim, without necessarily violating the rule of that case.

We find no reason for a rehearing, which is, accordingly, denied.

*Rehearing Denied.*

Kimball, Justice, concurs.

Potter, Justice, absent.