### CATO *v.* MIXON, trustee, *et al.*

1. Where a trustee deposits funds of his cestui que trust in a bank and takes therefor a time certificate, bearing interest from date to maturity, and the bank becomes insolvent, the holder of such certificate is not entitled to preferred payment thereof under the provision of the act of August 26, 1925 (Acts 1925, p. 129), which provides that "Debts due by the bank as executor, administrator, guardian, trustee, or other fiduciary of like character," are to be paid third in order. The bank does not become a fiduciary of like character as an executor, administrator, guardian, or trustee, by receiving such deposit from the trustee or another for the trustee, and issuing to the trustee a time certificate therefor. Such certificate of deposit creates the relation of debtor and creditor between the bank and the trustee; the title to the money so deposited immediately passes to the bank, and the credit of the bank is substituted for the money.

2. Under the facts appearing from the agreement creating the trust, and from the certificate of deposit, and the other aliunde allegations in the petition, the bank did not become either an express or implied trustee of the fund for which the certificate was issued for the beneficiary under this trust agreement. Deposits made by trustees, executors, administrators, assignees, auditors, public officers, and others serving as fiduciaries, are considered simply as general deposits; and if the bank in which they are placed fails to pay them, the beneficiaries have no peculiar claim or preference over other creditors.

---

Banks and Banking, 7 C. J. p. 633, n. 15, 16; p. 641, n. 99, 1; p. 647, n. 39; p. 650, n. 55, 56; p. 748, n. 50; p. 752, n. 84.

Trusts, 39 Cyc. p. 45, n. 45; p. 193, n. 8.

3. Under the allegations of the petition, the bank did not become a trustee *ex maleficio;* and for this reason we are not called upon to decide whether, under the provision of the act of 1925, the plaintiff would be entitled to the preference created by such provision, if an implied trust had been created by reason of the fact that the bank obtained the funds of the plaintiff by some fraud perpetrated by it on the creator of the trust and the beneficiary thereunder.

No. 6047.    NOVEMBER 22, 1927.

Equitable petition.    Before Judge Eve.    Irwin superior court. May 7, 1927.

On February 6, 1926, J. J. Harper and Wilbur Hall entered into a written agreement reciting that Bessie Cato left two minor children, to wit, Harper Clay Cato and James McKinney Cato; that Harper wished to place the sum of $2500 for the benefit of said minor children; and that Hall, a near relative of the children and a grandson of Harper, was willing to accept the trust. This agreement then proceeds: "Now, therefore, in consideration of the premises the said J. J. Harper has this day placed with the said Wilbur Hall $2500 in cash in trust for said minor children. The said Wilbur Hall agrees to become trustee for said fund and to place the same in the bank to the credit of himself as trustee for said children, and further agrees that he will renew said time certificates as they mature, for the benefit of said children. Said trustee agrees further that he will make no charges for the keeping of said fund in trust as aforesaid, and that he will deliver the same to said children when they have reached the age of twenty-one years of age, or unless they should marry at an earlier date, at an age not younger than nineteen. . . It is further agreed between the parties, that in the event that the bank in which the fund is placed should become insolvent, that there should be no liability on the part of the said Wilbur Hall by reason of such insolvency of the bank." The agreement further provided that the trustee could use said fund for the education of said minors; and he agreed to keep a strict account of the money thus expended, and to deliver the remainder of the same, should there be any, to said minor children as above provided. On February 26, 1925, the trustee deposited the fund in the Georgia State Bank. He took for one half of it a time certificate payable to him as trustee for Harper Clay Cato on February 5, 1927, with interest at five per cent. per annum. The bank became insolvent in July, 1926, and was taken charge of by the banking department

of the State. Subsequently certain parties were empowered by the banking department, and by order of the superior court of Fulton County, to take charge as trustees of all of the assets belonging to the branch of said bank in the City of Ocilla, Irwin County, to reduce the same to cash, and to pay out the proceeds according to priority and as provided by article 7, section 19, of the banking act. The assets of said branch bank were turned over to the trustees, and they are liquidating the debts of the bank. The trustees reside in Irwin County. No part of said certificate has been paid. The trustee endeavored to prove his claim as a preferred one, under par. 3 of sec. 19 of art. 7 of the banking law contained in the act of 1925; but the trustees refused so to recognize said claim, and would allow it only as an ordinary claim without preference or priority. Harper Clay Cato, by his trustee Wilbur Hall, filed his petition against the bank and its trustees, alleging the facts hereinbefore stated, and the following: The funds deposited by Wilbur Hall were fiduciary and impressed with a trust, and were entitled to preference in payment under the banking law, but the defendants have refused his demand therefor. At the time said funds were received by the bank, its cashier, E. S. Cliffton, and Otto Griner, who acted on behalf of the bank in receiving said funds, knew that they were trust funds, and were acquainted with the conditions under which Hall held them, and received them as trust funds.

By amendment the plaintiff alleged: Prior to the signing of the contract first referred to, Harper discussed the matter with the cashier of said bank, and stated to him the purpose which he had in mind. The cashier assured Harper that the bank was solvent, and stated that the bank would keep said funds safely and pay five per cent. interest on them until the minors became of age or married. It was then decided that some person should be named as trustee, and that the certificates of deposit be put in his name. Harper named Hall. The agreement (the pertinent terms of which are already stated) was then submitted to the cashier, and, after a few minor changes suggested by him, was turned over to Hall with the certificates. The fund was never in fact handled by Hall, and his connection with the matter was only to the effect that he agreed to the terms of the arrangement, and accepted the certificates under the same. Harper is a man 78

years of age, and can scarcely read and write. He had confidence in the cashier and in the bank. He acted upon the advices given him by the cashier; and while it is not contended that there was any bad faith on the part of the cashier, the plaintiff contends that the bank had actual notice that the fund was for a designated and specific purpose, that it was a fund belonging to minors and not subject to check, but merely swelled the assets of the bank, that this notice and the facts connected with the entire transaction created a fiduciary relation of like character with that of a trustee, and that said claim is entitled to be paid under the above provision of the banking law. By this amendment petitioner struck the allegation that these funds were delivered to Hall and by him turned over to the bank, and that the bank issued to him as trustee for petitioner said certificates of deposit. By another amendment the petitioner alleged: Said fund was not subject to check, and no effort was made to check any portion thereof. Hall exercised no dominion of said fund, other than to be named as trustee for petitioner. When the bank closed its doors there was a sufficient amount of cash on hand to pay the amount of said certificates, and the bank and the trustees have at all times had a sufficient amount to pay this claim as a preferred one.

The defendants demurred upon the grounds, (a) that there is no equity in the petition, it being apparent from its allegations that the plaintiff has a complete and adequate remedy at law; and (b) that the petition fails to state any cause of action, legal or equitable, against the defendant on the contention that the claim is preferred. The court sustained the demurrer, and petitioner excepted.

*A. J. McDonald* and *Rogers & Rogers,* for plaintiff.

*Philip Newbern* and *W. R. Mixon,* for defendants. *O. A. Park, C. N. Davie,* and *C. S. Reid,* for persons at interest.

HINES, J. (After stating the foregoing facts.)

1. When a bank becomes insolvent, and is taken over by the State banking department for liquidation of its affairs, "Debts due by the bank as executor, administrator, guardian, trustee, or other fiduciary of like character," are to be paid third in order, that is, after (1) "debts due the State of Georgia," and (2) "debts due any county, district, or municipality, including taxes," have been paid. Acts 1925, p. 129. Construction of the language,

"other fiduciary of like character," is invoked and discussed by counsel for the parties in their briefs. The maxim noscitur a sociis is applicable in construing this principle of the above act. The "other fiduciary" must be one like in character to an executor, administrator, guardian, or trustee. He must be entrusted with funds of an estate or of a minor, or of a cestui que trust, for the use of creditors, heirs, legatees, minors, or cestuis que trust, and by reason of the control and management of such funds become indebted to creditors, heirs, or legatees, or minors, or cestuis que trust. In such circumstances one becomes a fiduciary of like character with an administrator, executor, guardian, or trustee. It must be further noted that the debts which are preferred are those due by the bank "as executor, administrator, guardian, trustee, or other fiduciary of like character," and not those due by the bank to an executor, administrator, guardian, trustee, or other fiduciary of like character. In this case the certificate of deposit represents the debt of the bank in its individual capacity to the trustee of the plaintiff, and not the debt of the bank as trustee to the plaintiff. A certificate of deposit creates the relation of debtor and creditor between the bank and the depositor. 3 R. C. L. 570, § 198. The usual certificate of deposit is in legal effect a promissory note. *Carey* v. *McDougald,* 7 *Ga.* 84; *Lynch* v. *Goldsmith,* 64 *Ga.* 42; *Lamar, Taylor & Riley Co.* v. *First National Bank,* 127 *Ga.* 448 (56 S. E. 486) ; 3 R. C. L. 573, § 202. By the great weight of authority a certificate of deposit in the ordinary form is in substance and legal effect a promissory note. 7 C. J. 647 [§ 336] 3. When money is placed in a bank on general deposit, the title to the money immediately passes to the bank; the credit of the bank is substituted for the money; and the relation of debtor and creditor is created between the bank and the depositor. *Ricks* v. *Broyles,* 78 *Ga.* 610, 614 (3 S. E. 772, 6 Am. St. R. 280) ; *Schofield Manufacturing Co.* v. *Cochran,* 119 *Ga.* 901 (47 S. E. 208) ; *McGregor* v. *Battle,* 128 *Ga.* 577 (58 S. E. 28, 13 L. R. A. (N. S.) 185). There is no trust relation between a bank and a general depositor. 7 C. J. 641 [§ 326] H. Under the contract creating the trust, and under the certificate of deposit, the bank does not occupy a fiduciary relation toward the beneficiary of the trust; and unless something appears to the contrary under aliunde allegations in the petition,

the plaintiff is not entitled to have his claim paid as a preferred one, under the above provision of the act of 1925.

Do these facts alleged in the amendment to the petition create a fiduciary relation between the bank and the plaintiff? The mere deposit of the funds in the bank by the trustee does not make the bank a fiduciary. The view more generally adopted by the courts is, that deposits made by trustees, executors, administrators, assignees, auditors, public officers, and other persons serving as fiduciaries, are considered simply as general deposits; and if the bank in which they are placed fails to pay them, the beneficiaries have no peculiar claim or preference over other creditors. *Williams* v. *Bennett,* 158 *Ga.* 488, 495-6 (123 S. E. 683). The facts stated in this amendment do not create a fiduciary relation between the bank and the plaintiff. The fact that the creator of the trust had confidence in the cashier of the bank and consulted and advised with him as to the method of creating the trust, and accepted the advice and suggestions of the cashier as to certain terms of the agreement under which the trust was created, and the delivery of the trust agreement and certificate of deposit by the grandfather to this officer of the bank, who in turn delivered them to the trustee, did not make the bank a fiduciary to handle these funds for the plaintiff. That the trustee never in fact handled the trust fund which was deposited in the bank by the grandfather and a certificate taken therefor payable to the order of the trustee under the terms of the trust agreement, that the bank had actual notice that the fund was turned over to the trustee for a designated and specific purpose, that it was a fund belonging to the minor plaintiff, and that it was not subject to check but merely swelled the assets of the bank, did not make the bank a fiduciary of like character with a trustee. Taking the facts pleaded most strongly against the pleader, the grandfather deposited the fund in the bank, or already had it deposited in the bank. He took a time certificate therefor, payable to the order of his grandson as trustee for the minor plaintiff, who was likewise his grandson. He did not, for some undisclosed reason, deliver this certificate directly to the trustee, but turned it and the trust agreement over to the cashier, who delivered them to the trustee. The fund was not subject to check by the trustee, because the time certificate had been given for it; and the fund could be withdrawn from the

bank only by surrender of the time certificate, after it became due and payable. When the time certificate was taken for these funds, they actually swelled the cash assets of the bank. There is nothing in the facts which creates the relation of a fiduciary between the bank and the plaintiff or his trustee. The bank was not to receive and handle this fund for the use and benefit of the plaintiff. It received the fund and was to pay interest thereon. The bank was not to hold this fund in specie and deliver it to the trustee of the plaintiff. So we are of the opinion that there was nothing in the facts recited, in the absence of fraud, which takes this case out of the general rule that the relation between a general depositor of a bank and the bank is that of debtor and creditor, or creates a fiduciary relation between these parties. It can not be successfully contended that these facts create an express trust under which the bank was to handle this fund for the plaintiff. This is so for the good and sufficient reason that an express trust "must be created or declared in writing." Civil Code (1910), § 3733; *Jenkins* v. *Lane,* 154 *Ga.* 454 (3-a) (115 S. E. 126). These facts do not create an implied trust and make the bank liable as an implied trustee. Neither the legal title to the certificate of deposit nor to the money to be paid thereon was in the bank. The bank did not acquire title to the money deposited by any fraud, nor does the transaction fall within any other category from which an implied trust arises. Civil Code (1910), § 3739.

3. It is true a trust may arise ex maleficio. In such a case the malefactor holds as implied trustee for the party defrauded, and an implied trust arises in favor of the party defrauded. *Jenkins* v. *Lane,* supra. The existence of any fraud on the part of the cashier in this transaction is expressly disclaimed. Petitioner alleges that neither he nor his grandfather contends that there was any bad faith on the part of the cashier in the part he took in bringing about the creation of this trust. The allegation that the cashier assured the grandfather at the time of this transaction that the bank was solvent does not show any fraud upon the part of the cashier, it not being alleged that the bank was insolvent at that time. On the contrary it is alleged that the bank became insolvent in July, 1926, six months after this trust was created, and after the certificate of deposit was issued. There

is nothing in the facts which can be held to overcome the statement in the petition that the plaintiff does not contend that there was any bad faith upon the part of the cashier in the rôle which he played in this matter. This bank was expressly authorized to accept this deposit from this trustee. Acts 1919, pp. 135, 208; 8 Park's Code Supp. 1922, §§ 2280(oo), 2280(pp). It had full power to issue the certificate of deposit. The transaction being legal, and the cashier of the bank not being charged with any fraud, we can not hold that any implied trust arose in favor of the plaintiff, upon the theory that a fraud was perpetrated upon him by the bank in securing this deposit. This being so, we are not called upon to decide whether an obligation against a bank, arising from a trust created ex maleficio, would be entitled to priority of payment under the provision of the act of 1925 with which we have been dealing.

4. So we are of the opinion that the trial judge did not err in sustaining the demurrer to the petition.

*Judgment affirmed. All the Justices concur.*