LAMB et Exrs v FULTON

Ohio Appeals, 6th Dist, Lucas Co

No 2719. Decided Dec 19, 1932

Tyler, Wilson & Rhinefort, Toledo, for plaintiffs.

Gilbert Bettman, Attorney General, Columbus, Brown & Sanger, Toledo, and S. M. Douglas, Toledo, for defendant in error.

WILLIAMS, J.

This court, on June 20, 1932, without a written opinion, rendered a decision in the case of Pierre Chase, Admr. v Ira J. Fulton, Superintendent of Banks, then pending in this county, in which was involved the question whether or not funds of an estate deposited in a bank by an administrator, in his name as administrator, were entitled to preference on liquidation of the bank by the Superintendent of Banks. The trial court had held in that case that such claim was not preferred and this court, on error, on the date named, entered the following on the court docket:

"Judgment affirmed on authority of McDonald v Fulton, Superintendent of Banks, decided June 8th, 1932, by the Supreme Court. Doctrine announced in **Smith et v Fuller, etc., 86 Oh St, 57** should not be extended beyond the facts involved therein."

Perhaps the import of the decision in that case has not made the views of this court entirely plain to the members of the legal profession, and we shall attempt, in this opinion, to declare the views held fully and at length.

The case of **McDonald v Fulton** has since been reported in **125 Oh St, 507, 5 Ohio Bar, No. 29**, issued October 17, 1932. That case involved the question whether funds of an estate of which a trust company, organized under the laws of Ohio was administrator, would be trust funds and entitled to preference upon the closing of the bank for liquidation, where such trust company, acting as administrator, deposits money belonging to such funds in its commercial department. It is thus apparent that this case is not strictly in point in the case at bar. It was, however, the reasoning of the court in that case, when considered in the light of the reasoning in the case of Smith

v Fuller, that led this court to reach the conclusion it did in the case of Chase, Admr. v Fulton.

It will be observed by analysis of the opinion in McDonald, Admr. v Fulton, that the Supreme Court based its decision in that case upon §710-165, GC, which reads as follows:

"No property or securities received or held by any trust company in trust shall be mingled with the investments of the capital stock or other properties belonging to such trust company or be liable for its debts or obligations. Moneys pending distribution or investment may be treated as a deposit in the trust department or may be deposited in any other department of the bank, **subject to the provisions of law relating to deposit of trust funds by trustees and others.**"

We think it is clear from the syllabus of the court and from the opinion and from the facts stated in the report of that case, that an Ohio trust company which deposits in its commercial department moneys held by it as an administrator does not hold moneys so deposited as trust funds but the relation of debtor and creditor arises, as to the moneys so deposited. It will be observed in passing that the court did not hold that moneys which are a part of a trust fund, held and retained and to be managed by it as trustee under a trust agreement, making such moneys trust funds, can throw off its mantle as trustee as to such moneys by depositing them in its commercial department or any other branch of the bank, without the consent of the cestui qui trust. Such an interpretation of the decision is foreclosed by the first syllabus, in the concluding phraseology,

"unless otherwise expressly provided by the trust agreement creating and controlling such trusts."

What we have just said must not be construed, however, as indicating that we are saying at this time that the Supreme Court has decided in that case any other question than that directly involved. The syllabus and opinion must be read in the light of the facts involved. It is true that the court does frequently refer to trust funds generally, but we think that a clear understanding of the case requires that there may often be a distinction between funds held by an Ohio trust company as trustee under a trust agreement and funds of an

estate held by an Ohio trust company as an administrator. In the course of the opinion in that case the Supreme Court used the following language, on page 511:

"It is to be observed that deposit in an interest-bearing account is directed, which of course contemplates use of the fund by the bank, and the fiduciary therefore becomes a general creditor by the very force of the statute governing his action."

The statute referred to is undoubtedly §710-165, GC, although previously the court had referred to §10506-45, GC. The latter section, however, did not become effective until January, 1932, and this date was long after the Cummings Trust Company, the defunct bank involved in that case, went into liquidation, namely: May 8, 1931.

We have had difficulty in reconciling McDonald, Admr. v Fulton and Smith v Fuller. The latter case involved the deposit of trust funds by the trustees in their names as such. Deposits were evidenced by non-interest-bearing certificates of deposit, and the court found there was no authority of the court for such deposits. In the course of the opinion the court say:

"It cannot, we think, be seriously contended that the Trustees had, in the proper discharge of their duties as such, the right or power, by express contract, to create the relation merely of debtor and creditor; that is, to loan out the trust funds. Such act would, in the absence of authority from the court, clearly be inconsistent with, and a violation of, their plain duty; and if they had no right to make such loan generally, it would seem clear that a loan to a bank by way of a general deposit would be equally beyond their power. So that, in the absence of a clear showing that the latter was the purpose in the present instance, the court would not be justified in attributing such purpose to the Trustees in placing this money with the Bank."

Syllabus No. 2 reads as follows:

"Such trustee has not, in the absence of a proper order of court, the right or power to loan the funds of the trust coming into his hands as such trustee."

The court reasons that a general deposit, without proper order of court, would create the relation of debtor and creditor and be a loaning of the funds and a violation of its duty as trustee, whereas a

special deposit without court order would make the amount deposited trust funds and would be perfectly lawful, and in the due and legal performance of duty. Therefore a presumption will arise, in the absence of proof to the contrary, that the trustee intended to perform and not violate his duty and the deposit was intended as a special and not a general deposit. On this reasoning the depositor was held to be a preferred creditor to the amount of his deposit.

Our difficulty has arisen mainly from the fact that §710-165, GC, requires moneys deposited by a trust company shall be "subject in other respects to the provisions of law relating to the deposit of trust funds by trustees and others." If an order of court were not obtained as suggested in Smith v Fuller, why should §710-165 GC give authority to make the deposit. Perhaps we may clear this hurdle by construing the words "provisions of law" used in this statute to mean only statutory or constitutional provisions.

At any rate, we have concluded as a result of our analysis of these two decisions that it is the intention of the Supreme Court to hold that an administrator may lawfully deposit funds in a bank in his name as administrator without an order for that purpose from the court appointing him, and when an Ohio trust company, acting as administrator, does so, the relation of general creditor arises and that there should not be a different rule when an individual, appointed and acting as administrator, makes a deposit of funds belonging to the estate.

If, as this opinion proceeds in an attempt to reason out the problems involved step by step, there seems to be a leap at the conclusion, let it be remembered that an anomaly would arise if a deposit by a trust company as administrator in its commercial department were held to be a general deposit, and a deposit by an individual administrator not.

In the instant case the deposit was of trust funds by the plaintiffs as trustees. We can find no reason, in view of the decisions of our Supreme Court, why the deposit of trust funds should stand on a different footing from the funds of an estate in the hands of an administrator or executor. The petition does not plead any facts which show that a general deposit of trust funds by the trustees would be in violation of the terms of the trust. No statutory provision has been pointed out by counsel, nor can we find any, which forbids a general deposit of funds held by a trustee, administrator or executor. Under the rule laid down in McDonald v Fulton, the mere fact that the bank has knowledge that the funds deposited in the bank belong to a decedent's estate or to a cestui qui trust, does not make the bank a trustee, but such a deposit is ordinarily a mere general deposit. We are, therefore, compelled to the conclusion that where a trustee deposits trust funds in a bank in his name as trustee, and there is nothing in the will or agreement creating the trust forbidding it, the relation of debtor and creditor arises between the bank and the depositor, even though no order of court allowing the deposit has been obtained.

For the reasons given, we hold that the plaintiffs are not entitled to a preference, that the petition was demurrable and that the demurrer thereto should be sustained.

Decree accordingly.

LLOYD and RICHARDS, JJ, concur.