## HAINBUSH, Gdn v FULTON

Ohio Appeals, 6th Dist, Lucas Co

No 2801.  Decided Nov 4, 1933

Pierre K. Chase, Toledo, for plaintiff in error.

Brown & Sanger, Toledo, and S. M. Douglas, Toledo, for defendant in error.

## OPINION

By WILLIAMS, J.

This cause involves the question whether or not funds deposited by a guardian in his name as such in a savings account in The Ohio Savings Bank & Trust Company, which was placed in the hands of the Superintendent of Banks for liquidation on August 17, 1931, may be made the basis of a preferred claim in favor of the guardian.

We have had before us the case of Chase v Fulton, which involved a deposit by an administrator, and Lamb v Fulton, which involved a deposit by a testamentary trustee, and both of these cases are discussed in the case of Lamb v Fulton, 44 Oh Ap, 366, (13 Abs 560). The court has also had before it a case involving a deposit by an executor, in which no written opinion was filed by the court. That case is entitled George A. Bassett, Exr. v Ira J. Fulton, Supt. of Banks, and was decided December 19, 1932, and the following memorandum was placed on the docket of this court:

"Petition dismissed on authority of Lamb v Fulton, No. 2719, 39 Ohio Appeals Opinions, Sixth District, unreported, p. 116. Remanded for execution for costs."

In the opinion in the Lamb case, there was a discussion of the decisions in McDonald v Fulton, 125 Oh St, 507 and Smith v Fuller, 86 Oh St, 57.

Counsel for plaintiff in error have cited to us §§10933 and 11214, GC, which were in force when the bank failed and makes the claim that, since the deposits made by a trust company in its own trust department or other department of the bank were subject to the laws relating to the deposit of trust funds by trustees and others, the funds would be illegally deposited without an order of the court under the statutes referred to, and therefore subject to the principle announced in Smith v Fuller, supra. In McDonald v Fulton, supra, the court cites neither §10933 nor 11214, GC, but does cite §10506-45, GC, and then uses this language:

"The deposit made by the trustee in this case was a general deposit. It was authorized by the statute and the power was not denied the trustee by any trust instrument. We have here no question of a wrongful deposit, and cases cited involving that issue have no application."

In view of this language and the tenor of the whole decision, we are constrained to hold that the contention of counsel for plaintiff in error is not well-founded.

Counsel for plaintiff in error also contends that §710-165, GC, if construed to mean that the deposit of the money of the wards involved in this case is a general deposit, is unconstitutional under §19, Article 1 of the Constitution of Ohio and under the 14th Amendment to the Constitution of the United States.  The pleadings filed also raise this question of unconstitutionality. §19, Article 1 of the Constitution of Ohio provides:

"Private property shall ever be held inviolate but subservient to the public welfare."

The 14th Amendment to the Constitution of the United States provides that:

"No state shall * * * deprive any person of life, liberty or property without due process of law * * *."

The right of private property is subject to three exceptions:

1. Right of taxation.
2. Right of eminent domain.
3. Exercise of the police power.

Sec 710-165, GC, does not come within any of these exceptions. If the legislature of a state were to pass a law which provided that any trustee could use trust funds in his own business, would not the constitutional guaranty of the right of private property be invaded? It seems to us that, by parity of reasoning, a law giving a trust company the right to use trust funds in its own banking business, without the consent of the owner of the trust fund, would stand on the same footing. If a trust company takes money which it holds as trustee and of its own accord makes a general deposit of the money in its commercial or other department, and the relation of debtor and creditor then arises between the trust company and the beneficiary, the beneficiary could no longer compel the trust company to account for moneys so deposited as trust funds, but would be left to his remedy as a mere creditor. If §710-165, GC, is construed so as to create such a relation of debtor and creditor when deposit of trust funds is made as above stated, there may be reason to maintain that the law would be unconstitutional. However, §710-165, GC, has no application to the instant case but only applies to deposits of trust funds by a trust company as trustee in its commercial or other department.

For the reasons given, the judgment will be affirmed.

Judgment affirmed.

RICHARDS and LLOYD, JJ, concur.