C. H. SLATER, OPERATING AS C. H. SLATER AND COMPANY, AND THE CENTRAL INVESTMENT CORPORATION, v. NORTH CAROLINA BANK AND TRUST COMPANY AND GURNEY P. HOOD, COMMISSIONER OF BANKS FOR THE STATE OF NORTH CAROLINA.

(Filed 24 January, 1934.)

1. **Banks and Banking H e—Principals having equitable ownership of funds deposited by agent are not entitled to preference in bank's assets.**

   The fact that an agent notifies a bank that a deposit made therein by him was made with moneys belonging to his principals in order to prevent the bank's right to equitable set-off of the funds against the amount due

the bank by the agent does not entitle the principals to a preference in the bank's assets upon its later insolvency on the ground of their beneficial or equitable ownership of the funds, there being no agreement that the deposits should be segregated from general funds of the bank.

**2. Same—**

An agent notifying a bank that deposits made by him therein were made with moneys belonging to his principals is not entitled to a preference in bank's assets upon its later insolvency.

APPEAL by plaintiffs from *Sink, J.,* at August Term, 1933, of GUILFORD. Affirmed.

Action without controversy upon an agreed statement of facts. C. H. Slater, who was collecting agent of the Central Investment Corporation and other principals, opened an account with the North Carolina Bank and Trust Company in the name of C. H. Slater and Company. In August, 1932, C. H. Slater notified the bank that C. H. Slater and Company was a trade-name and that the deposits were made in the trade-name to avoid the bank's right of set-off against this fund for Slater's personal obligations then held by the bank; that the money so deposited did not belong to him but to third parties; and that he was using such account for remittances by check to his several principals for rents collected and payments made on mortgage notes. He did not disclose the names of his principals. Funds of the Central Investment Corporation and others were deposited in the trade-name and for several months the various principals received stated settlements by checks drawn on the deposits. When money was deposited the bank issued general deposit tickets and mingled the funds with its general assets. There was no segregation and no other agreement between the bank and Slater or any of his principals. The bank did not know that the Central Investment Corporation exercised any right of ownership in the deposits and made no further inquiry as to the nature of the account. When the bank suspended business C. H. Slater and Company had on deposit $521.72 which was treated as an active checking account. The checks were signed in the name of C. H. Slater and Company by C. H. Slater. The appellants contend that the Central Investment Corporation is the beneficial owner thereof and is entitled to the deposit or, if not, that C. H. Slater and Company is entitled to a preference created by the deposit of a trust fund. The trial court dismissed the action and the plaintiffs appealed.

*Stanley & Beeson for appellants.*
*Brooks, McLendon & Holderness for appellees.*

ADAMS, J. It is admitted that the Central Investment Corporation is the beneficial owner of the funds deposited in the bank in the name

of C. H. Slater and Company, and in view of this admission the appellants argue that the transaction between the depositor and the bank resulted in the creation of a trust which entitles the beneficial owner to precedence in payment. The argument is predicated on the theory of equitable ownership arising from the bank's knowledge of the fact that the funds deposited in the name of C. H. Slater and Company were free from the banker's right of legal or equitable set-off against C. H. Slater. The appellants cite several cases in support of the principle that a banker's lien or right of set-off while ordinarily attaching to deposited funds cannot be permitted to prevail against the equity of the beneficial owner of which the bank has notice, either actual or constructive. *Nat. Bank v. Life Ins. Co.,* 104 U. S., 54, 26 L. Ed., 693; *Union Stock Yards National Bank v. Gillespie,* 137 U. S., 411, 34 L. Ed., 724; *United States v. Butterworth-Judson Corporation,* 267 U. S., 387, 69 L. Ed., 672; *Arnold v. San Ramon Valley Bank,* 194 Pac., 1012, 13 A. L. R., 320, and annotation; *Agard v. People's Nat. Bank,* 169 Minn., 438, 50 A. L. R., 629, and annotation. Conceding the principle, we do not perceive its application to the agreed facts. The question of set-off or banker's liens is not presented by the appeal. When the deposits were made, general receipts or tickets were issued by the bank; there was no agreement that the deposits should be segregated from the general funds; and it is agreed that they remained subject to withdrawal by the depositor. The mere fact of beneficial or equitable ownership confers upon the Central Investment Corporation no right of precedence or preference in the distribution of assets in the hands of the Commissioner of Banks.

The appellants take the alternative position that the depositor of the funds is a preferred creditor of the bank and is therefore entitled to priority over the general creditors of the bank. Applying the principle stated in all the recent decisions dealing with the question of claims which have preference in the liquidation of an insolvent bank, we are of opinion that the appellants' position cannot be maintained on the theory of a segregated trust fund or of a statutory preference. *Williams v. Hood, Comr.,* 204 N. C., 140; *Flack v. Hood, Comr., ibid.,* 337; *Parker v. Trust Co.,* 202 N. C., 230; *Bank v. Corporation Commission,* 201 N. C., 381; *Hicks v. Corporation Commission, ibid.,* 819; *Corporation Commission v. Trust Co.,* 193 N. C., 696. Judgment

Affirmed.