## VENNITTI v CITY TRUST & SAV BANK

Ohio Appeals, 7th Dist, Mahoning Co

Decided April 20, 1934

Murray A. Nadler, Youngstown, for plaintiff in error.

McKain, Ohl & Swanner, Youngstown, for defendant in error.

## OPINION

By ROBERTS, J.

There is no dispute of facts in this case, but the only question presented is whether under the terms by which the bank was permitted to reopen, by proper decree of court, the relation of creditor and debtor existed between the receiver and the bank, or whether the relation was that of bailor and bailee. In the authority given by the court to the bank to reopen and resume business, it was provided:

"It is further ordered that upon the reopening of The City Trust & Savings Bank of Youngstown, Ohio, the following deposits shall be released for payment in full: School savings, uninvested trust funds, accounts due banks, Christmas savings and bonded deposits."

No question is raised as to the right of the court to authorize the terms of reopening and the restricted manner of doing business and paying deposits. It was provided in said decree, so granting authority, as follows:

"It is further ordered that upon the reopening of The City Trust & Savings Bank, of Youngstown, Ohio, the following deposits shall be released for payment in full: School Savings, Uninvested trust funds; Accounts due Banks, Christmas Savings and Bonded Deposits."

"That in addition thereto, on all savings accounts there be released for payment up to the sum of $50.00, but no more; that on all commercial accounts, there be released for payments 10% of such accounts, the minimum payment so released to be not in excess of $50.00; that the division of 35% to the Holding Company, and 65% to the Bank be made upon deposits, after payment as aforesaid."

The receiver claims that his deposit should be considered as uninvested trust funds and subject to payment in full without delay. The issue in this case is narrowed down to the proposition as to whether or not the deposit of the receiver may be considered as uninvested trust funds or not. If so, then the prayer of this petition should be granted. If not so considered,

then the receiver has no cause for complaint.

After a careful consideration of the issues, the evidence and authorities, this court is of the opinion that the deposit of the receiver does not come under the term "Uninvested Trust Funds", but that the relation existing between the receiver and the Bank was that of creditor and debtor, and that this deposit is subject to the restricted terms of payment as provided in the decree from which quotation has hereinbefore been made.

This restriction will undoubtedly be of considerable inconvenience, at least to the receiver, and to the persons entitled to distribution of said fund in the hands of the receiver. However, the authority of the court to designate, as has been done, is not questioned.

In the case of McDonald, Admr. v Fulton, Superintendent of Banks, 125 Oh St, 507, the syllabus reads as follows:

"The provisions of §710-165, GC, authorize a bank organized under the laws of this state, with powers of a trust company, to make a general deposit of money received by it as trustee and held temporarily pending investment or distribution, in the commercial or other department of such bank, unless otherwise expressly provided by the trust agreement creating and controlling such trust.

As to such funds the relation of the bank and trustee is as debtor and creditor, and funds thus deposited may be used by the bank in its general business as other assets.

The rights of the trustee, with reference to the funds so deposited, are no greater than or different from those of other general depositors, and upon liquidation of the bank they all share proportionately in the distribution of the assets."

Time will not be taken to read from the opinion, but the attention of counsel is directed to it for a perusal of what is said concerning this interesting question in a case, while not exactly like the one at issue, is so nearly alike as to make the determination of that case authority in the instant case.

Attention is further directed to the case of Fulton, Superintendent of Banks, v Gardiner et, 127 Oh St, 77, and found reported in the Ohio State Bar Association Report of August 28, 1933, in which the case of McDonald v Fulton, supra, is approved. The opinion in this case is very interesting upon the issue presented.

Attention is also directed to the case of Lamb et, Exrs, v Fulton, Superintendent of Banks, 44 Oh Ap, 366, found reported in Ohio State Bar Association Report of June 12, 1933, (13 Abs 560), in which the second paragraph of the syllabus reads as follows:

"Where trustee's deposit of funds in bank in his name as trustee does not violate trust provisions, although deposit is not authorized by court order, the trustee becomes creditor and not entitled to preference in bank's insolvency."

No doubt a relation of trust and cestui que trust exists between the receiver and the persons to whom he is required to account for funds in his hands. However, when simply as a matter of convenience for the safe keeping of this fund, that it may be available to check out as duty requires, this money is deposited for a checking account in the bank, the bank simply becomes the debtor of the depositor, but it is not a question of the bank having funds where the bank itself is the trustee and holds the funds for insolvent.

The conclusion of the court, as herein indicated, is that the receiver is not entitled to a preference and, the same judgment may be entered as in the Court of Common Pleas.

FARR and LYNCH, JJ, concur in judgment.