S. W. Bowne *et al. v.* F. O. Lamb, *Receiver, etc.*

(No. 8584)

Submitted September 22, 1937. Decided November 2, 1937.

*Mohler, Peters & Snyder,* for appellant.
*Price, Smith & Spilman* and *Jackson D. Altizer,* for appellees.

RILEY, JUDGE:

Plaintiffs, S. W. Bowne, in his own right, S. W. Bowne, trustor, Mrs. Katharine B. Smith and Mrs. Alice B. Azbill, filed this suit in equity against F. O. Lamb, Receiver of Charleston Trust Company, a corporation, trustee, in the Court of Common Pleas of Kanawha County, West Virginia, for the purpose of establishing a relationship of *cestuis que trustent* and trustee between the plaintiffs and the defendant in reference to a certain account in said Charleston Trust Company amounting to $13,423.01. From a final decree of the Circuit Court of Kanawha County, affirming a decree of the Court of Common Pleas in favor of the plaintiffs, the defendant appeals.

On September 21, 1926, the Charleston Trust Company, a banking corporation organized under the laws of this State, entered into a written agreement with the plaintiff, S. W. Bowne, in which agreement the former was designated as "Trustee" and the latter, as "Trustor". This writing was executed on behalf of the Trust Company, as trustee, by Harrison B. Smith, its president. It provides, in part:

"Compensation of Trustee

"The Trustee shall be entitled to no compensation for all services rendered by it except the indirect compensation hereinafter provided for, but shall be reimbursed for all expenses and liabilities incurred or sustained, which shall be a first lien upon the trust estate.

"Manner of Holding Trust Estate

"The Trustee shall be accountable to the Trustor and beneficiaries named hereunder only for the principal of the trust estate and interest thereon at the rate of four and one-half per cent. (4½%) per annum, compounded semi-annually on the first days of January and July of each year, any amount of earnings of the trust funds in addition to the four and one-half per cent. (4½%) to be accounted for to the Trustor and beneficiaries, shall be retained by the Trustee as compensation for services.

"Purposes of Trust

"This trust is for the benefit of S. W. Bowne, Mrs. Katharine B. Smith and Mrs. Alice Azbill, hereinafter called 'Beneficiaries', and shall be held and disposed of as follows:

"Withdrawals by Beneficiaries

"(1) The said S. W. Bowne shall withdraw all or any part of the principal or accrued interest of the trust estate at any time, by executing and delivering an order, or orders, to said Trustee. In the event of the death of the said S. W. Bowne, the disposition of any monies in the trust estate shall be subject to the order of the said Mrs. Katharine B. Smith and Mrs. Alice B. Azbill.

"Liability of Trustee

"(2) There shall be no liability upon the Trustee for any such payments to the Beneficiaries, or for the account of the Beneficiaries."

At this point it may be well to state the background which gave rise to this agreement. S. W. Bowne, Sr., the father of plaintiff, died seized of property in Brooklyn, New York, which, under his will, was devised to the plaintiffs, S. W. Bowne, Jr., Mrs. Alice B. Azbill and Mrs. Katharine B. Smith, the latter being the wife of the said Harrison B. Smith, the then president of Charleston Trust Company. This property was leased, and S. W., Jr., had the management thereof in the interest of himself and his two sisters. For the purpose of establishing a sinking fund to avoid any call upon the owners for taxes and other purposes, should an emergency arise, it was understood between them that fifteen per centum of the rents from the property would be withheld from distribution, and deposited with the Charleston Trust Company, under the agreement to which we have already referred. All payments into the fund were from rents received from the real estate, the deposits being made payable to the Trust Company, account of S. W. Bowne, trustee. No passbook was issued by the bank, but state-

ments were rendered to the plaintiff, Bowne. Under this agreement, only two withdrawals from the fund were made, both on March 31, 1933, each representing payment to Spencer, Ordway & Wierum, a New York law firm, for legal services and expenses in connection with the formation of a holding company to take title to said real estate. These checks were countersigned by A. W. Flournoy, trust officer of Charleston Trust Company. Such countersigning was not specified in or required by the agreement. The testimony shows that the provision for withdrawals was inserted in the agreement so that if any emergency arose and taxes or insurance were not paid by the tenant, the said S. W. Bowne, trustor, could withdraw in order to pay such taxes or insurance. After the execution of the agreement, Harrison B. Smith, as president of the Trust Company, by letter dated September 23, 1926, advised A. W. Flournoy, the bank's trust officer, that the agreement, two executed copies of which were enclosed, had been executed; and instructed him to return one copy of the agreement to the plaintiff, Bowne, "with some deposit slips and a few checks". In this letter he stated that the trust officer should decide whether Bowne should have a passbook or whether statements would be furnished every six months. The letter further provides: "If consistent, I think the statements are better, as we are regarding it not as a deposit but as a trust." In this letter, Mr. Smith recommended that the trust officer purchase certain securities then owned by the investment department of the bank. The letter, however, concludes with the suggestion that the trust officer consult with Homer Hanna, the executive vice-president of the bank, as to the matter of bookkeeping.

Under the agreement, the first payment in the amount of $187.50, without the knowledge of the trust officer, was received by the commercial side of the bank. In November, 1926, a second payment in like amount was received by the trust officer and entered by him in the trust department books. Because of Hanna's instructions, no further payments were recorded in the trust department books and the fund thereafter was carried in the

savings department under the name of "S. W. Bowne, Trustee." During the course of two audits, the deposit was not shown in the records of the trust department.

The Trust Company, prior to 1933, was not accustomed to file a tax return for trust estates other than the estates of decedents. As the result of a bulletin issued by the State Tax Commissioner cautioning trust companies to obey the law, on January 1, 1933, the Trust Company, through its trust officer, made a property tax assessment for that year in the name of Charleston Trust Company, trustee for S. W. Bowne, on personal property valued at $13,060.00. Before any other returns were due, the bank failed.

The case comes to us on bill of complaint, demurrer, answer and proof. Evidently the demurrer was not relied on by counsel for the appellant before this court. The sole question to be considered is whether or not, under the pleadings and proof, the relationship between Charleston Trust Company and the plaintiffs was one of bank and depositor, or trustee and *cestuis que trustent*. In other words, as propounded by Judge Maxwell in *Cambridge Gas Co.* v. *Lamb, Receiver*, 117 W. Va. 174, 184 S. E. 566, the question is: "Are we dealing with a trust or a debt?" As heretofore indicated, both the circuit court and the court of common pleas held that a trust had been created.

The solution of the problem under consideration is to be found in the manifested intention of the parties. *Cambridge Gas Co. et al.* v. *Lamb, supra;* Am. Law Inst., Restatement of the Law of Trusts, p. 42, sec. 12; *Federal Reserve Bank of Richmond* v. *Peters*, 139 Va. 45, 123 S. E. 379, 42 A. L. R. 742; *Goodrich* v. *City National Bank & Trust Co.*, 270 Mich. 222, 258 N. W. 253. If an intent to create a trust is shown, the fund became charged with a trust, and the plaintiffs would be entitled to prevail. In the absence of such intent, the relationship is that of debtor and creditor, and the plaintiffs should stand in the shoes of all other depositors of the Trust Company. Whether the parties intended to create a trust is to be determined not solely from the wording of the

agreement but also from their actions under it and the way the fund is handled. Here, the actions of the parties speak louder than their words.

The *Cambridge Gas Company* case, *supra,* involved a controversy between a depositor and a receiver of a closed bank, whether an account constituted a debt or a trust. In holding that a debt was created, this court said: (Syl.) " * * * the fact that the contract between the depositor and the bank required the latter to pay interest on the account is controlling in determining that the deposit constituted merely a debt and not a trust, in the absence of evidence clearly showing that the parties intended to establish a trust, notwithstanding the requirement of payment of interest on the fund." This position, though not universally held by the courts of the country, is in line with a strong array of authority, including the Restatement of the Law of Trusts, *supra,* and a number of cases cited in the *Cambridge Gas Company* case.

We are not unmindful that, unlike the agreement in the *Cambridge* case, the agreement under consideration provides that Bowne "may pay over to the trustee other sums of money, which shall thereupon become a part of the principal of the trust estate herein provided"; that the rate of interest was four and one-half per centum, which, if applied to a savings deposit, would have subjected the Trust Company to a fine under the rulings of the Charleston Clearing House Association; that by letter, Smith, the president of the Trust Company, instructed the trust officer that he regarded the deposit as creating a trust fund to be invested in securities held by the investment department of the Trust Company; that the trust officer filed one tax return in the name of the Trust Company, as trustee for Bowne; and that in the agreement the Trust Company was designated as "Trustee" and Bowne as "Trustor". These elements, standing alone, would prompt us to the opinion that the parties intended to create a trust.

However, when a deposit is made in a bank, it is presumptively a debt and not a trust fund. 5 Zollman, Banks

and Banking, sec. 3156; *Lawhead* v. *Nelson,* 113 W. Va. 453, 168 S. E. 659. The burden of proof to charge a deposit with a trust rests on the party seeking to establish it. 10 Zollman, Banks and Banking, sec. 6652, notes 12 and 13. Courts should be alert to conserve the integrity of the deposits of banks. This can be done only through a constant guard against secret trusts, which, though in many instances, honestly made, will unwittingly deceive the depositors of a bank. In every case involving an insolvent banking institution, as said in the *Cambridge* case, there are silent parties, the general depositors and creditors of the bank, whose interests deserve the protection of the courts.

Here, we must look to the situation of the parties. The president of the Trust Company was a brother-in-law of Bowne. The deposit gave to Bowne and his sisters all the advantages of having a general deposit. At all times the deposit was subjected to the right of withdrawal. In fact, two withdrawals were made. True, they were in furtherance of the agreement. Nevertheless, the unrestricted right in Bowne to withdraw ever prevailed. The agreement provided that " * * * Bowne shall withdraw all or any part of the principal or accrued interest of the trust at any time * * *." And that "There shall be no liability upon the Trustee for any such payments to the Beneficiaries, or for the account of the Beneficiaries." Bowne himself testified that he decided the account should be placed in the Trust Company in his name as trustee. He thereby assumed voluntarily a relationship with the Trust Company that all other trustees, executors and other fiduciaries assume in making a deposit with a bank. Not having specified that the funds should remain intact, the deposit became *ab initio* a general deposit, and therefore he and those whom he represented as trustee are entitled to no preference. This is so in the absence of showing that the Trust Company was insolvent at the time made, or that the deposit was made *ex maleficio. Central National Bank* v. *Connecticut Mutual Life Ins. Co.,* 104 U. S. 54, 26 L. Ed. 693; *Board of Sup'rs.* v. *Prince Edward, etc., Bank,* 138 Va. 333, 121 S. E. 903, 37 A. L. R.

604; *William R. Compton Co.* v. *Farmers Trust Co. of Grant City,* 220 Mo. App. 1081, 279 S. W. 746; *Cato* v. *Mixon,* 165 Ga. 245, 140 S. E. 376; *Gray* v. *Elliott,* 37 Wyo. 4, 257 Pac. 345, 53 A. L. R. 560; *Paul* v. *Draper,* 158 Mo. 197, 59 S. W. 77, 81 Am. St. Rep. 296; *Townsend* v. *Andrew,* 206 Iowa 1006, 221 N. W. 572; *Lamb* v. *Fulton, Supt. of Banks,* 44 Ohio App. 366, 185 N. E. 888; *Ruben* v. *Banking Commission,* 216 Wis. 98, 256 N. W. 712; *Ex parte Michie,* 167 S. C. 1, 165 S. E. 359; *Gits* v. *Foreman,* 360 Ill. 461, 196 N. E. 434, 101 A. L. R. 595; *In re Bank of United States,* 261 N. Y. 645, 185 N. E. 775; *In re Holden,* 264 N. Y. 215, 190 N. E. 413; *Hadlock* v. *Callister,* 85 Utah 510, 39 P. (2d) 1082; *Ream's Drug Store* v. *Bank,* 115 W. Va. 66, 174 S. E. 788. The fact that the account was in Bowne's name as trustee does not, under the prevailing law, strengthen the plaintiffs' position. *Gray* v. *Elliott,* 36 Wyo. 361, 255 Pac. 593, 53 A. L. R. 554; *Swan et al* v. *Children's Home Soc. of West Virginia,* 67 F. (2d) 84; *Paul* v. *Draper, supra; Bassett* v. *City Bank & Trust Co.,* 115 Conn. 1, 160 Atl. 60, 81 A. L. R. 1488; *McDonald* v. *Fulton,* 125 Ohio State 507, 182 N. E. 504, 83 A. L. R. 1107; *In re Bank of Clinton,* 205 N. C. 399, 171 S. E. 364; *Slater et al.* v. *North Carolina Bank & Trust Co.,* 205 N. C. 775, 172 S. E. 355; 3 Michie, Banks and Banking (1931), sec. 192, notes 47 to 53, inclusive; 7 Am. Jur. 559, sec. 778, note 15. See generally, 101 A. L. R. 602; 94 A. L. R. 1123; 83 A. L. R. 1110; 56 A. L. R. 806.

We are not persuaded that this case differs in principle from the Cambridge case. Therefore, we are of the opinion that the deposit in question constitutes a debt and not a trust. This position is amply supported by the foregoing authorities.

For the reasons stated, we reverse the decree of the Circuit Court of Kanawha County and remand this case for further proceedings to be had in accordance with this opinion.

*Reversed and remanded.*