STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, APPELLEE, V. CITIZENS BANK OF STUART, APPELLEE: MARY PAYN UTTLEY ET AL., INTERVENERS, APPELLANTS.

FILED APRIL 14, 1933. No. 28508.

*H. M. Uttley* and *M. S. McDuffee,* for appellants.

*F. C. Radke, I. J. Dunn, Frank Warner* and *Barlow Nye, contra.*

Heard before GOSS, C. J, ROSE, GOOD, EBERLY and PAINE, JJ.

PAINE, J.

This is a claim by the heirs for payment in full of the balance of a deposit made in a bank by the executor of the estate, which bank has since become insolvent.

James C. Flannigan was the vice-president and one of the managing officers of the Citizens Bank of Stuart. While such officer, he was appointed by the county court of Keya Paha county as executor of the estate of John Thomas Payn. A public sale was held of the property of said Payn on July 25, 1928, being the date of his death, and the said Flannigan deposited more than $10,000 in said bank as the proceeds of said sale. This deposit was made in the name, "The Estate of John Thomas Payn, deceased, James C. Flannigan, executor." Checks were drawn on said fund by the executor until the balance of the deposit amounted to $4,020.95, at which time the bank went into the hands of a receiver. After the bank failed, the county court assigned the funds in the bank to the heirs, who filed their petition of intervention in the district court for Holt county against the receiver of said bank, alleging that they were entitled to payment in full. The receiver denied the liability, and upon appeal to the district court it was held that the funds so deposited were but a general claim, and not a trust fund.

Among the propositions of law advanced for the reversal of this order of the district court by the appellants are these: The right to follow trust funds is a property right, and includes all situations where there is a fiduciary position, or where one person has the legal title or possession of property, but its beneficial ownership is in another; trust funds do not lose their character by

being deposited in a bank, so long as such funds can be distinguished in the hands of the trustee.

The general rule that a deposit of funds, rightfully made by an executor, cannot be impressed with a trust after the bank in which it is placed becomes insolvent is set out in *Gray v. Elliott*, 36 Wyo. 361, 53 A. L. R. 554, in which case it is pointed out that when the bank fails it virtually disappears as a responsible party, and the rights and equities of the general depositors must be considered.

Section 8-1,102, Comp. St. 1929, provides generally that the claims of depositors shall, at the time of the closing of a bank, be a first lien on all of the assets of such bank; but it was held in *State v. Farmers State Bank*, 121 Neb. 532, 82 A. L. R. 7 (notes, pp. 46-288) that this did not apply to a fund unlawfully converted by the bank as trustee to its own use.

This court has held that, where the trust property can be specifically identified, and so found in the hands of the insolvent bank's receiver, the beneficial owner may recover the same. *Higgins v. Hayden*, 53 Neb. 61. Many courts have held that, where specific money is earmarked and kept separate and intact, unmingled with the money of the bank, the owner is entitled to the full recovery thereof. *St. Augustine Paint Co. v. McNair*, 59 Fed. (2d) 755.

A deposit in a bank in the ordinary course of its business is presumed to be a general deposit, even if made by an executor. *Leach v. Beazley*, 201 Ia. 337.

The executor in the case at bar had a legal right, under section 30-406, Comp. St. 1929, to make this deposit, and when it was made the relation of debtor and creditor existed between the bank and the executor, and while the relation which existed between the heirs and the executor was that of a *cestui que trust* and trustee, yet the bank did not become a trustee because of any special deposit, nor can it be found that any trust resulted from wrongful acts of the bank or its officers, as has been

found in many cases before this court. The money had been on deposit for several years before the bank failed, with no objection on the part of the heirs, and the executor, in the usual course of his business, had already checked out the greater part of these funds.

In a very similar case this court has recently held, in an action brought by an administrator against the receiver of this same bank, that the funds had not become trust funds, but were only a general deposit. *State v. Citizens Bank, ante,* p. 575.

If this court should hold that every general deposit made in a bank by a trustee was a special fund, and must be paid in full upon the failure of the bank, many depositors in banks in Nebraska would at once withdraw their funds and have the same deposited in the name of some trustee, and when that was done it would destroy the regular banking business, for no such funds could be loaned out for the benefit of the community, but would have to be held *in toto* by the bank so long as they were so left there.

The heirs' have, in our opinion, failed to establish a trust fund, and the judgment of the district court is

AFFIRMED.