STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, V. FARMERS & MERCHANTS BANK OF DESHLER, APPELLEE: SCHOOL DISTRICT NO. 60, INTERVENER, APPELLANT.

FILED FEBRUARY 27, 1934. No. 28807.

*P. I. Harrison* and *W. T. Thompson*, for appellant.

*F. C. Radke, Barlow Nye, Grady Corbitt* and *Thomas J. Keenan*, contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and BEGLEY, District Judge.

GOOD, J.

This is a proceeding to have a deposit in a state bank, now insolvent, adjudged to have been held by the bank as a trust fund and entitled to be paid out of the assets of the insolvent bank prior to the claims of general depositors.

The Farmers & Merchants Bank of Deshler became insolvent, and proceedings were instituted in the district court for Thayer county for winding up its affairs. A receiver was appointed. At the time the bank closed School District No. 60 of Thayer county had a deposit in said bank of $7,808.89. The receiver of the bank classified the deposit as entitled to the status of a general deposit. The school district intervened in the proceeding and filed a petition asking to have the deposit adjudged to be a trust fund. The trial court denied the prayer of intervener, and it has appealed.

There are numerous decisions rendered by this court holding to the effect that there is no authority of law for the deposit of school funds in a bank, and that, if a deposit of such funds is made in a bank, with knowledge by it of the character of the funds, it will be held to hold the funds in trust for the school district, and, upon insolvency of the bank, the deposit shall be treated as a trust fund. *State v. Midland State Bank*, 52 Neb. 1; *Lincoln Nat. Bank & Trust Co. v. School District*, 124 Neb. 538; *State v. Bank of Otoe*, 125 Neb. 414.

The basis for those decisions was that there was no statutory or other authority which permitted school district officers to deposit school funds in a bank. However, in 1931, sections 77-2525, 77-2526, and 77-2527, Comp. St. Supp. 1933, were enacted. These sections provide:

"77-2525. That any school district treasurer or township treasurer may deposit the money received or held by him by virtue of his office in some state or national bank situated in such school district or township or in some nearby city or village which has been approved as such depository by the governing body of such school district or township.

"77-2526. Any such banks may apply for the privilege of keeping such moneys. All such deposits shall be subject to payment on check when demanded by the district or township treasurer. It shall be the duty of the school district board or township board to act upon such application.

"77-2527. No such treasurer shall be liable on his bond for money on deposit in a bank and by direction of the proper legal authority."

The record discloses that the Farmers & Merchants Bank of Deshler made application to the school board of School District No. 60, Thayer county, for the privilege of becoming a depository for the school district funds, and that the school board, by resolution, designated the bank as a depository for its school district funds. It appears that the deposit was made in strict accordance with the sections of the statute above quoted.

Intervener contends that the sole purpose of those sections was to relieve school district and township treasurers from liability upon their official bonds, where funds in their custody had been deposited in a bank pursuant to the authority of the governing body of the district or township. We cannot concur in this view. Prior to the enactment of the sections quoted, it was unlawful for a school district treasurer to deposit school funds in a bank. After the enactment of those sections it became lawful

for him so to do, provided the bank was first designated as a depository.

Intervener contends that, notwithstanding the sections quoted, the funds still retained their character as trust funds and that the bank held the funds only for safe-keeping, and, upon its insolvency, the district was entitled to a return of the funds. This contention seems to be untenable. There was nothing in the nature of an agreement to show that the deposit was special or made for a specific purpose. It was subject to check from time to time, as the treasurer of the district might demand. Under these circumstances, it seems clear that the deposit was general and not special, nor one for a specific purpose.

We conclude that school district treasurers may lawfully deposit school district funds in a bank, duly designated as a depository, pursuant to the provisions of sections 77-2525, 77-2526, and 77-2527, Comp. St. Supp. 1933, and that a deposit of school funds in a duly designated bank, in the absence of special agreement to the contrary, constitutes a general deposit.

It follows that the judgment of the district court is right and it is

AFFIRMED.