SMITH, Appellant, vs. AMERICAN NATIONAL BANK OF WAUSAU, Respondent.

*April 3—May 1, 1934.*

For the appellant there was a brief by *Brayton E. Smith* of Wausau, attorney, and *W. E. Atwell* of Stevens Point of counsel, and oral argument by *Mr. Smith in pro. per.* and *Mr. Atwell.*

For the respondent there was a brief by *Bird, Smith, Okoneski & Puchner* of Wausau, and oral argument by *Claire B. Bird.*

FOWLER, J. The plaintiff contends that the deposit in his general account with the defendant bank was a trust fund, the funds in which were allocated by him to the several clients to whom they belonged, and was therefore a special as distinguished from a general deposit, and not applicable by the defendant bank to payment of or offset against his personal indebtedness to the bank. He claims that the bank had notice that the funds were a special deposit, and not subject to offset against his personal indebtedness, because, as. he claims, he informed the cashier of "the purpose to be achieved" by the two accounts, which apparently was originally to put money belonging to his clients in a separate account from money belonging to himself.

If the funds in the general account were effectively allocated by the plaintiff to the persons to whom they belonged we are unable to perceive that the plaintiff is entitled to recover them. If the funds so belong the owners of them are the parties to sue for their recovery. None of the alleged owners are so suing or claiming ownership. In fact the only one of them to whom any considerable amount is claimed by the plaintiff to belong, for whom the plaintiff had collected $1,000 and deposited in his general account and sent his check drawn against the account for the amount collected less his fees for collection, was requested by the plaintiff to sue the bank, and declined to do so and returned the check. The plaintiff has retained the check and thus recognizes that he owes the amount of it to his client, and is here demanding recovery of it for himself. Besides, the plaintiff in his complaint specifically alleges that the sum sued for, which includes the proceeds of the $1,000 collection, is owed by the bank to him as money deposited in a general account subject to his check.

As to the right of offset of the personal notes of plaintiff owing to the bank, the plaintiff received notice from the bank of the offset. He claims that he objected to the offset, but he retained the canceled notes. In view of this retention it is manifest that he cannot object to the allowance of their offset in this suit. He may not have his cake and eat it too. In fact the demand of his complaint is for recovery of the total amount on deposit in the two accounts, less the amount of his personal notes. He has thus conceded the correctness of this offset. On principle no distinction can be drawn between the right to offset the amount of the plaintiff's personal notes and the right to offset the amount due on his guaranty of the Wausau Investment Company's notes. As to the right of offset in general it may be said that a deposit in a liquidating bank may be offset by a depositor against a debt owing by him to the bank, regardless of the amount the bank may eventually pay its depositors. *Jones v. Piening,*

85 Wis. 264, 55 N. W. 413. This is a valuable right. Circumstances might have been such as to render that right valuable to the plaintiff. If the plaintiff might have exercised the right of offset against the bank, if circumstances made it to his advantage to do so, the bank ought to have the reciprocal right to offset as against him. It is a poor rule that does not work both ways. In opposition to the offset the plaintiff cites many authorities to the effect that a bank has no right to apply or offset a special deposit against a debt owed by the depositor to the bank. We accept this rule as the law, but cannot recognize anything in the facts of this case to constitute the plaintiff's general account a special deposit. It is as the plaintiff himself designated it and treated it, a general deposit. Had the plaintiff drawn checks for cash against the account and put the cash in his pocket and applied it to his personal expenses, the account would be a general as distinguished from a special deposit. The plaintiff could not change the nature of the deposit from general to special merely by depositing checks drawn against it in a separate account. If the plaintiff originally entertained the purpose of keeping funds belonging to his clients separate from funds belonging to himself, he signally failed in effectuating his purpose by mingling the two classes of funds and handling his general bank account precisely as the bank accounts of individuals in business and of business concerns of all sorts are ordinarily handled.

The plaintiff also contends that under sec. 331.07 (3), Stats., which provides that, to be a subject of offset in an action, a claim must have existed at its commencement, the bank is not entitled to have the Wausau Investment Company's notes offset because those notes and the plaintiff's guaranty thereof were assigned to the State Bank of Wausau in March, 1933, and his suit was begun April 7th. To this it seems sufficient to say that the defendant bank was reorganized under sec. 221.22, Stats., as a state bank. The national bank was merely converted into a state bank. The

latter is the successor of·the former. For all· practical purposes it is the same institution as the former. The existing rights of the depositors and other creditors and the existing ·obligations of the debtors of the national bank were in no wise changed by the reorganization, and the existing rights of the national bank continued to exist as before the reorganization. If the plaintiff might rightly sue the defendant bank, the defendant bank had the right to offset all claims that it had prior to the completed reorganization.

*By· the Court.*—The judgment of the circuit court is affirmed.