New York Title and Mortgage Company, in Rehabilitation, by George S. Van Schaick, Superintendent of Insurance, Respondent, *v.* Irving Trust Company, Appellant.

First Department, May 18, 1934.

*William A. Onderdonk* of counsel [*Paul E. Mead,* attorney], for the appellant.

*Newman Levy* of counsel; *Philip Levy* with him on the brief [*Greenbaum, Wolff & Ernst,* attorneys], for the respondent.

Townley, J. This action was brought by the New York Title and Mortgage Company, a depositor in the defendant Irving Trust Company, for balances on deposit with the defendant. On August 4, 1933, plaintiff had deposits in two branches of the defendant totalling $27,044.95. It also had a time certificate of deposit for $100,000, with interest at one-quarter of one per cent, executed June 28, 1933, and maturing August 30, 1933. On August 4, 1933, an order of the Supreme Court of New York put plaintiff in rehabilitation pursuant to the provisions of article XI of the Insurance Law. The Superintendent of Insurance took possession of the property.

The court order contained the following injunctive provisions:

" Ordered, that the officers, directors, stockholders, members, trustees, agents, servants, employees, attorneys, managers, creditors and policyholders of said New York Title and Mortgage Company,

and holders of mortgage participation certificates guaranteed by said company, and all other persons be, and they hereby are, restrained from dealing with or disposing of the assets of the said corporation or from doing or permitting to be done any act or thing which might waste the assets, *or allow or suffer the obtaining of preferences*, judgments, attachments or other liens, or the making of any levy against said corporation or its assets while in the possession or under the control of the Superintendent of Insurance, or while said corporation is being rehabilitated, except from doing all acts necessary for the consummation of said plan and except upon a proper authorization from said Superintendent of Insurance or his agents until the further order of this Court; and it is further

" Ordered, that the officers, directors, stockholders, members, trustees, servants, agents, employees, creditors and policyholders of said New York Title and Mortgage Company, and holders of mortgage participation certificates guaranteed by said Company, and all other persons be and they are hereby *enjoined and restrained from bringing or further prosecuting* any action at law, suit in equity, special or other proceeding *against said corporation* or its assets, or against the Superintendent of Insurance of the State of New York, or from making or executing any levy upon the assets of said corporation, or from in any way interfering with the Superintendent of Insurance of the State of New York, or his successors in office, in his or their possession, control and management of the property of said corporation, or in the discharge of his or their duties under the provisions of Article XI of the Insurance Law of the State of New York." (Italics ours.)

After August fourth and thirtieth appropriate demands were made by the Superintendent for the balance due. On payment being refused, this action was then brought and the answer herein attacked was set up. In it defendant pleads that it is the owner of certain bonds and mortgages of which the payment of principal and interest was, prior to August fourth, guaranteed in writing by plaintiff. It is then alleged that payments of interest and principal which have become due, according to the exhibits attached to the answer, have not been paid and that, on due demand, the guarantor has defaulted. The defendant, therefore, prays that the complaint be dismissed. More than $2,000,000 in claims compose this set-off.

There can be no doubt that the answer of the defendant states a good counterclaim unless its interposition is forbidden by article XI of the Insurance Law. Section 410 of the Insurance Law reads as follows:

" 1. Upon an application by the superintendent for an order to show cause under this article, or at any time thereafter, the court, or the justice, before whom such order is returnable may issue an injunction restraining the insurer named in the order, its officers, directors, stockholders, members, trustees, agents, servants, employees, policyholders, attorneys, managers and/or all other persons from the transaction of its business or the waste or disposition of its property until the further order of the court.

" 2. Such court or justice may at any time during a proceeding under this article issue such other injunctions or orders as may be deemed necessary to prevent interference with the superintendent or the proceeding, or waste of the assets of the insurer, or the prosecution of any actions, or the obtaining of preferences, judgments, attachments or other liens, or the making of any levy against the corporation or against its assets or any part thereof."

Section 420 of the Insurance Law reads as follows:

" Set-offs. 1. In all cases of mutual debts or mutual credits between the insurer and another person, such credits and debts shall be set off and the balance only shall be allowed or paid."

The Superintendent of Insurance contends that the right of set-off expressly conferred by section 420 refers only to liquidations and has no application to a rehabilitation. The provisions of article XI of the Insurance Law are by its title made generally applicable both to liquidations and to rehabilitations. No reason is given for limiting the general application of section 420 to liquidations only.

The basic contention of the Superintendent of Insurance, however, is that to allow such set-off would violate the provisions of the injunction against preferences and against bringing of actions. No preference would be granted by allowing the set-off pleaded. It has long been the law that " the equity of equality among creditors is either found inapplicable to such set-offs or yields to their superior equity." (*Scott* v. *Armstrong*, 146 U. S. 499.) There is nothing in the nature of a rehabilitation which should upset this well-established principle. We think that section 420 was passed to express the legislative intention that the old rule should still be followed.

The other contention of the liquidator is that granting the right of set-off would violate the provision of the injunction which prohibits " bringing or further prosecuting any action at law * * * against said corporation or its assets." We do not so interpret the injunction. It was said by the Court of Appeals in *Taylor* v. *Mayor*, *etc.* (82 N. Y. 10), in discussing a somewhat similar situation, where the defendant was under a disability to maintain an action, " So

it must be when it is a statute that suspends the remedy by action, but does not touch the cause of action. It might be a fatal objecion to maintaining an action to enforce as plaintiff the cause of action, but it would not affect the right to set off the debt as defendant at the action of another. * * * Though a set-off is in the nature of a cross-action, in the place and stead of a cross-action, it is not an action. * * * The statute, speaking only of an action and to be construed rigidly, may not be extended to a set-off. Hence a set-off of a debt which has not been presented in the way laid down by the statute is not forbidden by the statute, though an action upon the debt is." The injunction order in this case merely restrained the securing of preferences or the bringing of actions. It did not attempt to prevent defendant from setting up its undoubted right to set-off.

The right to injunction in this proceeding is conferred by the provisions of section 410 and such right is necessarily limited by the provisions of section 420. Accordingly, an injunction which assumed to deprive the claimant of the right of set-off granted under section 420 would be invalid since it would exceed the powers conferred upon the court by the statute. Respondent's contention, therefore, which is based on the argument that if the injunction took away the right of set-off the creditor would be without relief is without foundation in law.

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to plaintiff to reply within twenty days after service of the order to be entered hereon, on payment of said costs.

FINCH, P. J., MARTIN, O'MALLEY and GLENNON, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the plaintiff to reply within twenty days from service of order upon payment of said costs.