THE LONG BEACH TRUST COMPANY, Respondent, *v.*
IRVING G. WARSHAW, Appellant.

(Argued April 26, 1934; decided May 22, 1934.)

*H. H. Nordlinger* and *Maxwell Shapiro* for appellant. In the case of mutual debts it is only the balance which is the real or just sum owing by or to the insolvent. (*Gerseta Corp.* v. *Equitable Trust Co.*, 241 N. Y. 418; *Rothschild* v. *Mack*, 115 N. Y. 1; *Richards* v. *La Tourette*, 119 N. Y. 54; *Hughitt* v. *Hayes*, 136 N. Y. 163; *Matter of Hatch*, 155 N. Y. 401; *Building & Engineering Co.* v. *Northern Bank*, 206 N. Y. 400; *Curtis* v. *Davidson*, 215 N. Y. 395; *Carnegie Trust Co.* v. *Kistler*, 89 Misc. Rep. 404.) The language and general scheme of the Banking Law (Cons. Laws, ch. 2) and the rules in analogous situations all lead to the conclusion that the requirement of filing a proof of claim relates only to claimants who desire to receive dividends from the insolvent estate, and not to persons actually or apparently indebted to the insolvent bank who claim defenses or offsets against such indebtedness. (Cons. Laws, ch. 2, § 76; *Bank of U. S.* v. *Braveman*, 259 N. Y. 65; *Taylor* v. *Mayor*, 82 N. Y. 10; *Matter of Sampter*, 170 Fed. Rep. 938; *Matter of Manning*, 4 Fed. Supp. 922; *Matter of Richmond Hill Electrical Supply Co.*, 47 Fed. Rep. [2d] 948; *Matter of Wenar Millinery Co.*, 1 Fed. Rep. [2d] 385; 4 Fed. Rep. [2d] 77; *Matter of Bickmore Shoe Co.*, 263 Fed. Rep. 926; *Matter of Sanderson*, 160 Fed. Rep. 278; *Matter of Muskoka Lumber Co.*, 127 Fed. Rep. 886.)

*Jules Haberman* for respondent. Defendant is barred from asserting his claim because of his failure to file a proof of claim and to commence an action within the time limited therefor as required by the provisions of the Banking Law. (*Matter of Societa, etc., Di Savoia* v. *Broderick*, 260 N. Y. 260; *Matter of Horowitz*, 235 App. Div. 248; *Lafayette Trust Co.* v. *Beggs*, 213 N. Y. 280; *Matter of Egan*, 258 N. Y. 334; *Matter of Howell*, 237

App. Div. 56; *Matter of Bank of United States* [*Ravitch*], 237 App. Div. 76; *Walmor, Inc.*, v. *Levay*, 238 App. Div. 78; *Bank of United States* v. *Frost*, 142 Misc. Rep. 589.)

POUND, Ch. J. The action is on a promissory note in the principal amount of $5,300. The complaint allows a credit against this sum of $329.78, and claims a net balance of $4,970.22. The answer admits the essential allegations of the complaint, but pleads " for a separate and distinct defense and by way of setoff and counterclaim " the rendition by the defendant (who is an attorney) to the plaintiff of legal services of the value of $5,000. The answer does not demand affirmative judgment, but only a dismissal of the complaint.

The substantial question presented is whether the counterclaim is barred by failure to file a claim with the Superintendent of Banks pursuant to section 72 of the Banking Law (Cons. Laws, ch. 2). If not, an issue of fact is raised. The court at Special Term, in denying the motion for summary judgment, necessarily so held. The Appellate Division reversed only on the law on the ground that " the counterclaim interposed by the defendant is barred by the failure of the defendant to file his claim thereon with the Superintendent of Banks as required by the Banking Law."

Section 76 of the Banking Law reads as follows: " In all actions or proceedings instituted against such corporation or banker while the superintendent is in possession of its property and business, the plaintiff shall be required to allege and prove that the claim upon which the action is instituted was duly filed and that eighty days have elapsed since the expiration of time for filing said claim and that said claim has not been accepted, or in the case of an action upon an account as to which no claim has been presented the plaintiff shall be required to allege and prove that such account appeared upon the books and records, that eighty days have elapsed since the

last date fixed in the notice to creditors for presenting claims and making proof thereof and that such account has not been accepted."

This court has held (*Matter of Societa, etc., Di Savoia* v. *Broderick*, 260 N. Y. 260) that the Superintendent has no power to accept claims after the time provided by the statute. The question remains whether failure to file a claim bars its assertion as an offset to a claim in favor of a bank.

In the case of mutual debts it is only the balance which is the real or just sum owing by or to the insolvent. (*Gerseta Corp.* v. *Equitable Trust Co.*, 241 N. Y. 418, 424.) If claimants desire to receive dividends from the insolvent estate the Banking Law requires them to file a proof of claim. If claimants desire to set off the indebtedness of the bank to them, they are not by the statute deprived of the right to do so by failure to file a claim. (*Taylor* v. *Mayor*, 82 N. Y. 11, 19, 21; *Norfolk & Western Ry. Co.* v. *Graham*, 145 Fed. Rep. 809, 811, 812.) This is a case where the right to sue on a debt and the right to use the debt as an offset are not equivalent. The statute in question is not to be extended beyond its terms. A set-off is not an action. The statute refers only to actions " instituted " against the bank.

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

CRANE, LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgment accordingly.