RUBEN and another, Trustees, Appellants, vs. BANKING COMMISSION, Respondent.

*September 11—October 9, 1934.*

*M. J. Levin* of Milwaukee, for the appellants.

For the respondent there was a brief by *Hannan, Johnson & Goldschmidt,* and oral argument by *Robert H. Hollander,* all of Milwaukee.

WICKHEM, J.   The complaint alleges the death of Ben Ruben and the admission to probate of his will by the county court of Milwaukee county.   It is alleged that the estate was administered and a final decree entered assigning the property to Isaac Miller, David Ruben, and Samuel Ruben, as trustees of certain trusts created in the will.   David Ruben

was removed as trustee and Isaac Miller resigned. Samuel Ruben and Rachael Ruben Kaiser are successor trustees and plaintiffs.

It is alleged that the will directed the trustees to receive all rents, profits, and income from certain real estate, and that the moneys so collected were to be held in trust for the plaintiff beneficiaries and for the purpose of paying taxes, interest, maintenance, and other indebtedness incurred for the preservation of the trust estate. It is alleged that the trustees entered into negotiations with the Liberty State Bank and its officers, and that it was understood and agreed by said bank and its officers "that said trustees were to deposit in said Liberty State Bank all said sums collected by them from time to time, and said trustees were also to draw checks against said funds for the purpose of carrying out the provisions, intentions, and designs of said trusts, and that such deposits were to be held in trust by said bank and deposited upon a checking account to be known as 'Estate of Ben Ruben, by Samuel Ruben and Rachael Ruben Kaiser, as its trustees;' and it was further understood and agreed that the said bank on its part was to hold the said moneys deposited by said trustees and said checking account and the funds therein in trust for said trustees and the trust uses and purposes." It is alleged that as a result of this agreement deposits were made in the Liberty State Bank and checks drawn upon this deposit for the purposes of the trust; that a short time prior to the failure of the bank the trustees deposited funds to be used for the payment of city and county taxes; that the officers of the Liberty State Bank had knowledge of the same, and that while these moneys were on deposit the Liberty State Bank failed. It is alleged by plaintiffs that the allegations of the complaint are sufficient to constitute a cause of action, (1) under the law of special deposits, and (2) under the law of trustees. *In re Warren's*

*Bank,* 209 Wis. 121, 244 N. W. 594; *Price v. Herreid,* 210 Wis. 422, 245 N. W. 689.

The allegations are insufficient to bring into operation the doctrine of these cases. Upon the facts alleged the deposit was neither special, in the sense that the particular money was to be returned, or specific, in the sense that it was deposited for a special predetermined purpose. *In re Warren's Bank, supra;* 42 Yale Law Journal, 1125; 32 id. 410; 86 A. L. R. 375; 24 id. 1111; 39 id. 1138. It is true that the deposit was to the credit of the trustees as such, and that the bank had notice that it was to be used to further the general purposes of the testamentary trust, but the only engagement of the bank was to respond to checks drawn by the trustees. The account was of indefinite duration and contemplated periodic deposits and checks, thus having every characteristic of an ordinary checking account. The only liability of the bank to the *cestuis,* beyond that existing in case of ordinary general deposits, was that created by sec. 112.01 (8), Stats., in situations where a bank in which there is deposited funds in the name of a fiduciary as such, pays a check with knowledge that the fiduciary was guilty of a breach of trust in drawing the check. The fact that the account is in the name of the trustee as such does not characterize the deposit as special, or indicate a trust relationship between the depositor and the bank. *Henry v. Martin,* 88 Wis. 367, 60 N. W. 263; *Smith v. American National Bank,* 215 Wis. 288, 254 N. W. 548; *State v. Citizens' Bank of Stuart,* 124 Neb. 717, 248 N. W. 82. Where an account is subject to check it is usually held to be a general deposit. *State v. Farmers' & Merchants' Bank of Deshler,* 126 Neb. 245, 252 N. W. 917; *Vining Co-Operative Creamery Asso. v. Peyton* (Minn.), 255 N. W. 252.

The conclusion that this was a general rather than a special deposit establishes that the relation between plaintiffs and

the bank was that of debtor and creditor, and disposes of the contention that a trust relationship existed upon which a preference could be based. It is elementary that the trust relationship and debtor-creditor relationship are wholly incompatible, and that the finding of the former precludes the existence of the latter.

For the foregoing reasons the order must be affirmed.

*By the Court.*—Order affirmed.