GEORGE J. KRESS, Plaintiff, *v.* CENTRAL TRUST COMPANY OF ROCHESTER, N. Y., Defendant.

Supreme Court, Monroe County, November 3, 1934.

*Edward C. Edelman*, for the plaintiff.

*Van Schaick, Woods & Warner*, for the defendant.

KNAPP, J. This action is brought by the plaintiff against the defendant to recover the sum of $8,900, with interest from February 14, 1934, besides the costs and disbursements of the action. The facts upon which this action is founded are, briefly, as follows: On September 5, 1924, Joseph Levy and Sadie Levy made, executed and delivered to the defendant their bond to secure the payment of the sum of $9,000, and, as collateral security for the payment of said indebtedness, made and executed their mortgage to this defendant by which they mortgaged certain real estate in the city of Rochester described and known as 36–38 Carthage road in said city. On July 15, 1929, the plaintiff assumed and agreed to pay the mortgage above referred to and the debt thereby secured by the terms of a deed conveying the mortgaged premises to him.

On February 7, 1934, the indebtedness amounted to $8,900, and the same at that time was a matured and existing debt, there being a default in the payment of interest amounting to $267, which became due and payable on January 1, 1934, and the same having continued for thirty days, the defendant declared the whole amount due under the acceleration clause in the bond and mortgage.

On February 8, 1934, the plaintiff had on deposit with the defendant the sum of $12,528.13, and on that day the defendant, claiming to exercise its right of set-off, applied from the plaintiff's balance with the defendant and upon the debt owed by the plaintiff to the defendant the sum of $9,167, being the sum of $8,900 of principal due upon the bond and mortgage, above stated, together with $267 of interest thereon to January 1, 1934.

On February 14, 1934, the plaintiff presented to the defendant his check drawn on the defendant in the sum of $8,900, the payment of which was refused by the defendant and is the cause of this litigation.

The question at issue revolves around the one single question, and that is, whether in law the defendant had the right of set-off which it exercised and whether the same was legally done.

The acceptance of a conveyance by the plaintiff of the premises above described containing a statement that he was to pay off this mortgage binds him as effectually as though the deed had been between the parties. (*Trotter* v. *Hughes*, 12 N. Y. 74.)

The deposit which the plaintiff had with the defendant created the relation of debtor and creditor between them. (*Ætna National Bank* v. *Fourth National Bank of City of New York*, 46 N. Y. 82; *Matter of Kruger*, 139 Misc. 907, 912, and cases cited.)

" While the general rule is unquestioned that a bank may look to deposits in its hands for the repayment of any indebtedness to it on the part of the depositor and may apply the debtor's deposits on his debts to the bank as they become due, yet the rule is stated that the right of set-off exists only where the claim of the bank is certain, definite and liquidated, or capable of liquidation by calculation, without the intervention of a jury to estimate the sum." (2 Paton Dig. § 4353-a.)

In *Jordan* v. *National Shoe & Leather Bank* (74 N. Y. 467) the distinction between a banker's lien and set-off is set forth as follows: " A lien is a right of one to retain property in his possession belonging to another, until certain demands of him in possession are satisfied. * *· * But these deposits in a bank, create between it and the depositor, the relation of debtor and creditor. * * * Now a debtor in one sum, has no lien upon it in his hands, for the payment of a debt owed by him, which has not yet matured; nor

has a bank, more than any other debtor. Both hold, as debtors, the moneys of their creditors, and may set up no claim to them not given by the law of set-off, counterclaim, recoupment, or kindred rules " (p. 473).

I do not assume that it will be seriously questioned but that a bank under certain circumstances has a lien upon its depositors' deposits and has the right to set-off as to matured debts of depositor which it owns. The question here sharply arises as to whether this defendant bank had the right of set-off or lien on this plaintiff's bank account as to an indebtedness which, although matured, was covered in part or in whole by collateral held by the bank.

Remembering that the relation of debtor and creditor exists between the depositor, this plaintiff, and the bank, this defendant, a long line of cases will be found holding that a creditor has the right to sue the debtor for advances made and to secure which collateral security has been given without the creditor first having recourse to the pledged security. (*First National Bank* v. *Wood*, 71 N. Y. 405; *Eggleston* v. *Woolsey*, 14 N. Y. St. Repr. 241, 244; affd., 120 N. Y. 661; *DeCordova* v. *Barnum*, 130 id. 615.)

So it has been held that the holder of a bond and mortgage may sue upon the bond without foreclosing the mortgage. (*Schenectady Savings Bank* v. *Ashton*, 205 App. Div. 781; *General Investment Co.* v. *Interborough R. T. Co.*, 200 id. 794; affd., 235 N. Y. 133.)

In *Meyers* v. *New York County National Bank* (36 App. Div. 482) the rule is laid down as follows: " when a depositor opens an account in a bank that very act, in the absence of an agreement to the contrary, authorizes the appropriation of his deposit balance to any matured claims the bank may hold against him, the same as if he then executed an agreement in writing to that effect."

In the case of *Mattern* v. *Sage* (16 Daly, 142; affd., 134 N. Y. 617) a similar question was raised, that is, if the debtor was indebted to the creditor, the creditor should first have proceeded against the security and then the debtor would have been liable to the creditor for the balance over, but the court held to the contrary.

There is a lack of uniformity among the decisions in this country upon this question. In the cases of *Furber* v. *Dane* (203 Mass. 108; 89 N. E. 227) and *Prudential Realty Co.* v. *Allen* (241 Mass. 277; 135 N. E. 221) the contrary doctrine is held. In California, under a special State Code of Civil Procedure, section 726 is also contrary to the rule above stated.

The proposition that a bank has the right at any time to offset any matured indebtedness owing by a depositor to it against the depositor's account without prior resort to any collateral held by the bank is held in the following cases: *Guernsey* v. *Marks* (55

Oreg. 323; 106 P. 334); *Patterson* v. *State Bank* (55 Ind. App. 331; 102 N. E. 880); *Royal Trust Co.* v. *Molsons Bank* (27 Ont. Law, 441); 2 Paton Dig. (§§ 4347-a and 4348-a).

The plaintiff contends that certain rules adopted by the defendant and printed in the pass book representing the plaintiff's deposit preclude the set-off in this case. I am unable to agree with that contention and am unable to find any rule that seems to preclude the defendant from exercising its legal right in that regard.

When the interest upon this mortgage, upon which the plaintiff was liable for its payment, became due, the same was not paid by the plaintiff. Whether through intention on his part or by reason of negligence the default in the payment of this interest continued beyond the thirty-day period, when by the terms of the mortgage and the bond the defendant mortgagee had the right to declare the whole balance of the mortgage debt to become immediately due and payable, which it did. The plaintiff does not complain of the appropriation of the amount of the interest by the defendant from his bank deposit, but does complain of the appropriation of the principal amount of the mortgage being taken from his deposit with the defendant. It may be pointed out that both the principal and interest were taken by this defendant from a single deposit of the plaintiff's. If it was unlawful for the defendant to have set off or appropriated the principal of the mortgage debt as against this deposit, it was equally unlawful for it to have appropriated from this same deposit the amount of the interest on this same mortgage. It could not be lawful in one case and unlawful in the other.

Neither have I been able to find any authority that required the bank to take from the plaintiff's deposit the amount of the interest due upon the mortgage before the entire default upon the mortgage had occurred. It may be pointed out that the indebtedness to the defendant was the plaintiff's indebtedness and he at that time had control of his own bank account and it was his duty to pay the interest upon his mortgage when due, and if the same was not paid and unfortunate results occurred to him, the fault was his.

The language of the court in the case of *Graf* v. *Hope Building Corporation* (254 N. Y. 1) is applicable here, wherein the court said that stability of contract obligations must not be undermined by judicial sympathy.

The plaintiff, however, contends that the defendant was barred from making this set-off by reason of the provisions of the statutes relating to the moratorium. The acts referred to are chapters 793 and 794 of the Laws of 1933, and sections 1077-b and 1083-b of the Civil Practice Act. It should be pointed out that all of these

statutes relate to actions or proceedings brought to foreclose a mortgage or to sue upon a bond or to enter a deficiency judgment. A set-off is not an action. (*Long Beach Trust Co.* v. *Warshaw*, 264 N. Y. 331; *New York Title & Mortgage Co.* v. *Irving Trust Co.*, 241 App. Div. 246; *Taylor* v. *Mayor, etc., of City of New York*, 82 N. Y. 10.)

The disability relates to the enforcement of the cause of action, not to the cause of action itself.

Plaintiff's motion to strike out the defendant's answer is denied, with ten dollars costs. The defendant's motion for summary judgment dismissing the plaintiff's complaint is granted, with costs.

Prepare order.