Louis H. Pink, Superintendent of Insurance of the State of New York, as Liquidator of the Lloyds Insurance Company of America, Plaintiff, v. Isle Theatrical Corporation, Defendant.

First Department, December 27, 1935.

*Irvin Waldman* of counsel [*Alfred C. Bennett*, attorney], for the plaintiff.

*Lawrence S. Timen* of counsel [*Anthony K. Miller* and *Nathan J. Hellerbach* with him on the brief; *Timen & Percy*, attorneys], for the defendant.

TOWNLEY, J. The liquidation order in this case was made August 16, 1933, and provided for the filing of claims within six months thereafter. Prior thereto the Lloyds Insurance Company of America had issued two policies of workmen's compensation to the defendant. While they were in force, on May 13, 1932, an employee of the defendant was injured and he died the following day. There was an award made under the terms of the policies by the Industrial Labor Board on July 11, 1932, directing the defendant-employer and the carrier to pay the widow six dollars per week. The company paid until June 6, 1933, and then defaulted on further payments. After the liquidation order, on December 8, 1933, as appears in the brief, the defendant was directed to pay a lump sum of $5,339.34 to the widow under section 27 of the Workmen's Compensation Law. In place of making this payment, defendant paid six dollars per week. On December twelfth, $144 was paid for the period from June 24, 1933, to December 9, 1933. Between December 12, 1933, and February 16, 1934, the last date to file claims under the liquidation order, $204 was paid. After February 16, 1934, $372 was paid under the award. The balance must be paid in due course.

The plaintiff now sues to recover $1,076.45, the amount of an earned premium claimed to be due under the policies. The defendant seeks to offset against the claim of the plaintiff the payments made and to be made by it under the terms of the award.

On these admitted facts, six questions are presented to the court as follows:

" 1. May the defendant for the purpose of defeating or diminishing plaintiff's recovery, offset against the claim of the plaintiff for the earned premium by audit, all or any part of the sum of $144 paid by it on December 12th, 1933, for and on account of the award, which payment was made subsequent to the making and entry of the order of liquidation on the 16th day of August, 1933?

" 2. May the defendant for the purpose of defeating or diminishing plaintiff's recovery, offset against the claim of the plaintiff for the earned premium by audit, all or any part of the further sum of $60.00 paid by it for and on account of the award after December

12th, 1933, and prior to February 16th, 1934, the date fixed in the order of liquidation as the last date for the filing of claims?

" 3. May the defendant for the purpose of defeating or diminishing plaintiff's recovery, offset against the claim of the plaintiff for the earned premium by audit, all or any part of the further sum of $372.00 paid by it after February 16th, 1934, and up to the time of institution of this action?

" 4. May the defendant for the purpose of defeating or diminishing plaintiff's recovery, offset against the claim of the plaintiff for the earned premium by audit, moneys paid by it subsequent to the institution of this suit and up to the time of the trial or hearing of this controversy?

" 5. May the defendant for the purpose of defeating or diminishing plaintiff's recovery, offset moneys which became due prior to the entry of the order of liquidation from it and the company by virtue of the award made by the State Industrial Commission, whether the defendant paid the award or not?

" 6. Does the failure, neglect and inability of the Lloyds Insurance Company of America to pay the award made by the Industrial Labor Board by reason of the entry of the order of liquidation relieve the defendant of its liability to pay the earned premium herein sought to be recovered in the sum of $1,076.45? "

This court had occasion to construe section 420 of the Insurance Law in relation to set-offs in *New York Title & Mortgage Co.* v. *Irving Trust Co.* (241 App. Div. 246; affd., 268 N. Y. 547). It was there held that the allowance of set-offs did not constitute a violation of the injunction contained in the order of liquidation and did not constitute a preference in favor of the holder of such claim. The set-offs therein considered were liquidated in amount. The argument made now is that that case has no application to the facts involved here because the claims sought to be offset are unliquidated in amount and are not " debts." To constitute a proper set-off under the provisions of section 420, the material requirement is that the claim shall constitute a debt or credit between the insurer and claimant and shall entitle the holder " to share as a claimant in the assets of such insurer." There is no requirement that such claims shall be liquidated in amount.

That claims of the character involved in this controversy are properly provable against an insolvent insurance company was held by the Court of Appeals in *Matter of Empire State Surety Co.* (214 N. Y. 553). That case involved the rejection by the Superintendent of Insurance as liquidator of three classes of claims: *First,* where judgments had been rendered against claimants prior to the liquidation order; *second,* where claimants made settlements of

claims after the date of the liquidation order, though suit was brought and the defense thereof had been assumed by the company before that date; and, *third*, where no action has been commenced but the accidents happened prior to the date of the liquidation order and claimants made settlements of claims or had judgments rendered against them after that date. The Court of Appeals held that all three classes involved matured claims provable against the estate of the insurance company although the amount was not determined until after the entry of the liquidation order.

A similar question was passed on by the Court of Appeals in *Osgood* v. *DeGroot* (36 N. Y. 347). The court had under consideration section 36 of article 8 of title 1 of chapter 5 of part 2 of the Revised Statutes (2 R. S. 47), relating to set-off by insolvent debtors, then in effect, which was very similar in form to section 420 of the present Insurance Law. In that case the suit was upon a premium note on a marine policy. A general average loss had occurred prior to the insolvency of the company but the amount had not been liquidated. The court held that the loss under the policy although unliquidated was a proper set-off under the statute. The court in its opinion (at p. 356) said: " The cases I have referred to sustain the judgment below, and cannot be overthrown by analogies or general references. They settle conclusively the proposition, that a loss occurring before bankruptcy is a credit within the statute of mutual credits, although the loss be not adjusted until after the bankruptcy, and although no extended time of payment be formally asked or given." The Supreme Court of the United States in *Scammon* v. *Kimball* (92 U. S. 362) construed section 20 of the Bankrupt Act of 1867 (14 U. S. Stat. at Large, 526), which was similar in its provisions to section 420, in the same way

The set-offs described in the first five questions were all amounts that had become due under the original order of the Industrial Labor Board. The amounts had either been determined or were computable under the rule set out in section 27 of the Workmen's Compensation Law. Though the actual lump sum award that was made had not become a liquidated amount at the time of the insolvency, the sum was readily determinable and the insurer was bound to know the liability that it had under the statute to make a lump sum payment at any time in place of the award of six dollars per week. We hold, therefore, that the answer to these first five questions is, in each case, in the affirmative.

This conclusion which establishes valid set-offs in excess of the amount claimed by the plaintiff renders question No. 6 academic. In this connection, however, attention is directed to the fact that

by the terms of the submission, the parties have agreed that " there became due and owing from the defendant to the plaintiff an earned premium by audit for the period such policies were in force and there is *now due and owing* for the same, the sum of $1,076.45, no part of which has been paid." (Italics ours.) By the submission itself, therefore, no issue other than that of set-offs available to the defendants under section 420 is presented.

Judgment should be directed for the defendant, without costs.

McAvoy, Merrell, O'Malley and Untermyer, JJ., concur.

Judgment directed for defendant, without costs. Settle order on notice.