In re Liquidation of Milwaukee Commercial Bank: National Warehouse Corporation, Respondent, vs. Banking Commission, Appellant.

*October 9—November 8, 1940.*

The cause was submitted for the appellant on the brief of *Affeldt & Lichtsinn* of Milwaukee, and for the respondent on that of *Lorin L. Kay* of Richland Center.

FAIRCHILD, J.    The Milwaukee Commercial Bank was closed May 25, 1933. The Banking Commission took charge and proceeded to wind up the affairs of the bank. At the time of closing, petitioner had on deposit in a general checking account the sum of $1,520.52 and in a special account the sum of $97.40. But the petitioner had obligations due the bank in the amount of $1,019.63, evidenced by two ordinary promissory notes, and a $500 note which was secured by a mortgage trust indenture dated May 1, 1933, payable to bearer May 1, 1935, and upon which two semiannual interest instalments were due and unpaid at the time of delinquency. By the terms of the mortgage trust indenture which secured $50,000 of first mortgage, six per cent gold notes, including this one, the right to foreclose or to appoint a receiver was vested in the trustee. The first two notes mentioned were promptly set off against the petitioner's deposit, leaving a balance of $500.89 in the general checking account. Claims were filed covering that balance and the special deposit. Because of an indebtedness of the petitioner to the bank for services of its trust department in the sum of $273.92, another note was given. Later dividends were paid

and so applied that this latter note was fully paid by December 23, 1938. When further dividends became payable the commission on March 23, 1939, claimed and exercised a right to set off the petitioner's debt on the mortgage note against the balance of the petitioner's claim.

The ruling of the trial court was that the indebtedness on the mortgage note might properly be used as a setoff were it not for a moratorium statute, sec. 269.58, Stats. Sub. (2) of this statute provides that no judgment shall be entered in any proceeding on an evidence of indebtedness secured by a real-estate mortgage except after an application to a court for entry of a judgment and the holding of a hearing. The court has the power under that statute to "direct that no judgment be entered upon the indebtedness secured by said mortgage without foreclosure of the mortgage until the expiration of a reasonable period after hearing not exceeding one year at a time." That statute became effective September 26, 1935, and was to terminate on March 1, 1938, unless earlier repealed. It applied to pending proceedings. To grant an order confirming the action of the Banking Commission in using the note as a setoff would, the trial court said, be tantamount to granting a judgment, and would be "precisely what the statute was designed to prevent."

We do not agree that sec. 269.58, Stats., interferes with the allowance of the setoff just because the note was secured by a mortgage. Moratorium acts relate to proceedings or actions on an evidence of indebtedness. A setoff is not a proceeding or an action. *Long Beach Trust Co. v. Warshaw*, 264 N. Y. 331, 190 N. E. 659. The disability created by moratorium statutes was not intended to affect the exchange of credits in the settlement of accounts between parties or in cases of mutual debts to prevent the stating of an account and fixing the balance to be allowed or paid. It is not necessary to decide what would result if funds in the

hands of appellant were not presently available to apply on petitioner's debt, and an action were to be instituted to recover a judgment under which a plaintiff could search for a debtor's property wherever it might be. Since setoff is not an action, the moratorium statutes do not apply. *Kress v. Central Trust Co.* 153 Misc. 397, 275 N. Y. Supp. 14, affirmed 272 N. Y. 629, 5 N. E. (2d) 365.

We are also of the opinion that petitioner does not state a case preventing the setoff of the respondent's obligation against the amount due it from appellant. In liquidation proceedings the Banking Commissioner is a statutory receiver over whom the court has supervisory control, and the property of the delinquent bank while being liquidated by such officers is in the custody of the law. *Wisconsin Trust Co. v. Cousins,* 172 Wis. 486, 179 N. W. 801; *Pallange v. First Wisconsin Nat. Bank,* 216 Wis. 418, 256 N. W. 708; 3 Michie, Banks and Banking, p. 53, § 31. Equitable rules in adjusting claims of depositors are to be followed. And a right of equitable setoff attaches where mutual demands exist, where insolvency has intervened even though one of the demands has not yet matured, and where no equities of other claimants are shown to exist. 7 Zollmann, Banks and Banking, p. 40, § 4433. In the case of *Smith v. Felton,* 43 N. Y. 419, 422, ALLEN, J., in speaking in a case sufficiently similar to warrant citing it, said:

"The case is not within the statute of setoffs; but, as between the original parties, was within the equitable rule requiring cross demands, to be set off against each other, if from the nature of the claim, or the situation of the parties, justice cannot otherwise be done. The insolvency of one of the parties is a sufficient ground for the allowance of a setoff in equity."

This rule has been recognized although more often applied where the depositor in a delinquent bank is to have the amount of his deposits credited against any obligation due

the bank from him even though his obligation is not due at the time the bank becomes delinquent. *Doyle v. Jossman State Bank,* 185 Mich. 24, 151 N. W. 602. In the case at bar, among the property taken over by the commission was the mortgage note of the depositor. Two interest payments were in default when the liquidation proceedings began, but we do not consider these defaults of great importance. The note was the property of the bank at the time of the closing and was not purchased merely to be set off against the deposit liability. Although matured and overdue for some time when the setoff was made, the note was not fully matured when the bank became insolvent. Petitioner points out that this is a mortgage note with restrictions in favor of a trustee as to action thereon in case of default, but it is a fact that the depositor has the duty of paying the note. By applying the dividends used in the setoff the depositor's liabilities are reduced and the value of the equity in the mortgaged property is enhanced.

In the absence of claims arising in favor of any but the immediate parties, there can be no objection of sufficient consequence to prevent the operation of the equitable rule of setoff. No showing is made that the petitioner is insolvent or that this setoff will give the bank a preference over other mortgage noteholders. As has been said, the note now past due has always been the property of the appellant, and nothing has at any time been paid thereon according to the terms thereof. In the case of *Smith v. American National Bank,* 215 Wis. 288, 292, 254 N. W. 548, unmatured notes were used as a setoff by the bank against the deposit liability. In that case it was held that such an arrangement was proper. The court said: "If the plaintiff might have exercised the right of offset against the bank, if the circumstances made it to his advantage to do so, the bank ought to have the reciprocal right to offset as against him. It is a poor rule that does not work both ways."

Counsel for respondent declares that statement is *dictum,* and it may be that the case could have turned upon the point of waiver by the depositor because he did not object timely but accepted the notes after they had been set off and canceled. We are, however, not impressed with the soundness of the doctrine that the right of setoff rests only with the depositor. We see no reason why the rule should not be reciprocal where no interests are fairly involved except those of the bank and the depositor. 9 C. J. S. p. 869, § 437. The real net indebtedness is determined by the balance of obligations. Evidence of the mutual debts in possession of the parties when the bank closed governs the adjustment to the end that the balance to be struck shall be true and equitable. We agree with the trial court's conclusion upon this point that some reason other than the maturity of the note must exist to prevent the right of setoff. 7 Am. Jur. p. 529, § 735; p. 530, § 736.

*By the Court.*—Order reversed, and cause remanded with directions to allow the setoff.