Samuel J. Silverman, J.
This is a motion under CPLR 3211 (subd. [a], par. 1) by plaintiff, Superintendent of Insurance, to dismiss a counterclaim on the ground that a defense thereto is founded upon documentary evidence. The “ documentary evidence ” consists of a copy of an order of liquidation of this court, which includes a stay against suits.
The action is by the Superintendent of Insurance as liquidator of Citizens Casualty Company (hereinafter “ Citizens ”). While there are a number of defendants, only the first two causes of action are against the counterclaiming defendant, Coordinated Coverage Corporation (hereinafter “ Coordinated ”). In these causes of action, plaintiff alleges that Citizens entered into an agreement in January, 1967 with Co-ordinated, whereby Coordinated was to act as Citizens’ agent in connection with the writing of insurance, etc.; that under that agreement Citizens agreed to pay Coordinated a contingent commission equal to the profit after certain deductions upon premiums in certain categories of insurance; that between January, 1967 and January, 1969 Citizens paid to Coordinated $1,400,000 as contingent commissions; that in fact there were no profits or that the authorized reserve deductions exceeded the premiums; that therefore Coordinated is indebted to Citizens for the $1,400,000.
In its answer Coordinated, in addition to denials, interposes a counterclaim to the effect that it was part of the agreement that Citizens would reimburse Coordinated for certain loss *601 adujstment expenses and legal fees; that Coordinated incurred such expenses and fees in the amount of approximately $254,274 over and above all amounts received from Citizens for this purpose; that Coordinated therefore has not received any contingent commissions from Citizens for the period involved and has not been fully reimbursed for expenses and legal fees; and therefore Coordinated demands judgment for the $254,274.
On June 17, 1971 an order of liquidation was made appointing the Superintendent of Insurance as liquidator of Citizens. The order of liquidation enjoined all persons “from bringing or further prosecuting any action at law, suit in equity, special or other proceeding against the said corporation or its estate, or the Superintendent of Insurance of the State of New York and his successors in office, as Liquidators thereof ”. It is this stay provision which the Superintendent of Insurance says requires the dismissal of the counterclaim.
On its face the stay order does not expressly use the word “ counterclaim ”. In and of itself, this would not be significant (cf. CPLR 3019, subd. [d]). In Pink v. Title Guar. & Trust Co. (274 N. Y. 167, 172), the Court of Appeals said with respect to such an order that 1‘ obviously, defendant could not proceed to collect its claims by a direct action against or by way of counterclaim in any action brought by the Superintendent
However, further analysis indicates to me that this statement is not to be taken too broadly; that the Pink case and some of the other cases which have applied such stay orders to counterclaims rest on and refer to special facts not applicable to the present situation.
New York Tit. & Mtge. Co. v. Irving Trust Co. (268 N. Y. 547, affg. 241 App. Div. 246) seems to me to be the most persuasive authority. There an action was brought by the Superintendent oí Insurance, as rehabilitator of New York Title & Mortgage Co. against Irving Trust Co. to recover funds on deposit to the credit of New York Title & Mortgage Co. The order of rehabilitation contained precisely the same stay provision as is here involved. The defendant interposed a counterclaim based on a guarantee by New York Title & Mortgage of certain defaulted bonds and mortgages. The counterclaim far exceeded the amount sued for by plaintiff. The courts held that the counterclaim could be interposed and that this would neither violate the then section 420 of the Insurance Law (now § 538) nor the injunction order.
Pink v. Title Guar. & Trust Co. (supra) did not overrule nor question the authority of New York Tit. & Mtge. Co. v. Irving *602 Trust Co. (supra). In the Pink case, the Court of Appeals pointed out that in the New York Title case the complaint contained causes of action on contract and that “ it was held that defendant might plead offsets arising on contract which had matured prior to that date [of appointment of the superintendent as rehabilitator] under section 420 [now § 538] of the Insurance Law” (Pink v. Title Guar. & Trust Co., supra, p. 172). The court pointed out. that the Pink case was different because the complaint set forth causes of action for rescission based on fraud, with concomitant offer by plaintiff to return the property received, and the counterclaim was on promissory notes and on guarantees of payment of loans made to third persons. These circumstances, particularly the proposed rescission and delivery by plaintiff of property involved in the rescinded transaction, would result in a preference to defendant over other creditors.
The present case is obviously much closer to the New York Tit. & Mtge. Co. v. Irving Trust Co. case than it is to the Pink case; both complaint and counterclaim involve matured contract claims, with no problem of tender of property.
The right of setoff is expressly recognized in section 538 of the Insurance Law, which governs liquidations such as the present. Section 538 provides in part: “1. In all cases of mutual debts or mutual credits between the insurer and another person in connection with any action or proceeding under this article, such credits and debts shall be setoff and the balance only shall be allowed or paid, except as provided in subsection two.”
The predecessor of this statute was applied by the Appellate Division in the New York Title ease (241 App. Div. 246, 248) as a reason for allowing the counterclaim. The counterclaim here involved seems to me to fit quite precisely within the statute. It is a ease of mutual debts and mutual credits between the insurer and the defendant, and the statute requires that they should be set off ‘ ‘ and the balance only shall be allowed or paid ”.
Indeed, as the present case involves a counterclaim based on the same contract on which the plaintiff is suing, it brings into play principles of recoupment which have traditionally been allowed even more freely than offsets. Thus in Matter of National Cash Register Co. v. Joseph (299 N. Y. 200, 203) the Court of Appeals said: “ 1 Recoupment ’ means a deduction from a money claim through a process whereby cross demands arising out of the same transaction are allowed to compensate one another and the balance only to be recovered * * *. Of *603 course, such a process does not allow one transaction to be offset against another, but only permits a transaction which is made the subject of suit by a plaintiff to be examined in all its aspects, and judgment to be rendered that does justice in view of the one transaction as a whole.” That is really all the counterclaim here asks.
Essentially, to determine plaintiff’s claim the court will have to state the account between the parties. That account will either show a balance due to the plaintiff or one to the defendant. All that the counterclaim asks is that if the account shows a balance due to defendant, it shall have judgment therefor. Even if the counterclaim were not allowed, the balance would have to be stated and the determination thus made would presumably be res judicata when and if defendant filed its claim in the liquidation proceedings. The court in which this lawsuit and counterclaim are pending is the same court that is charged with supervision of the liquidation.
In the circumstances, it appears that judicial economy, the interests of justice and the fair reading of the authorities lead to the conclusion that the counterclaim should be permitted to stand and be adjudicated in this action. Of course, if the defendant succeeds in getting an affirmative judgment on the counterclaim, the defendant will not be able to enforce that judgment by execution (Insurance Law, § 523) but will merely be entitled to an allowed claim for the amount of the judgment.
The motion to dismiss the counterclaim is denied.